No. 25-____

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

---

In re ISLAND VILLA RENTAL PROPERTIES, INC.,

*Petitioner.*

---

**PETITION FOR WRIT OF MANDAMUS TO THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
No. 23-cv-10080**

---

Griffin C. Klema, Esq.
Fla. Bar No. 100279
**Klema Law, P.L.**
420 W. Kennedy Boulevard
Tampa, FL 33606
PO Box 172381
Tampa, FL 33672
(202) 713-5292
Griffin@KlemaLaw.com
*Counsel for Petitioner*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Petitioner, Island Villa Rental Properties, Inc., pursuant to 11th Cir. R. 21-1(b), certify the following are interested persons in this appeal, and further provide the corporate disclosure statement:

Island Villa Rental Properties, Inc.

Stanley, Patti

Martinez, Jose M. (District Judge)

CopyCat Legal, PLLC

DeSouza, Daniel

Klema Law, PL

Klema, Griffin C.

Defendant-Petitioner Island Villa Rental Properties, Inc. has no parent company and no publicly traded company owns more than ten percent of its stock. Island Villa is wholly owned by Patti Stanley.

No publicly traded company or corporation has an interest in the outcome of the underlying case or this appeal.

_/s/ Griffin Klema_____
Griffin C. Klema, Esq.

C 1 of 2

Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Counsel for Petitioner*

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT.............................................................C 1

TABLE OF CONTENTS...................................................................... i

TABLE OF AUTHORITIES ............................................................. iii

STATEMENT OF SUBJECT-MATTER AND APPELLATE
JURISDICTION.................................................................1

RELIEF SOUGHT...............................................................................1

ISSUE PRESENTED............................................................................3

FACTS NECESSARY TO UNDERSTAND THE ISSUE
PRESENTED .....................................................................4

      A.    Harrington files a 1-count copyright complaint
affirmatively alleging a date of infringement more
than three years before suit was filed ...................................4

      B.    Island Villa answers and moves for judgment on the
pleadings arguing that plaintiff's action is time-
barred under the Copyright Act's statute of
limitations based on the injury rule.......................................5

      C.    The district court applies the discovery rule........................6

      D.    The district court ignores the split among district
judges and denies Island Villa's motion to certify the
legal issue................................................................................7

      E.    Island Villa moves for reconsideration................................10

REASONS WHY THE WRIT SHOULD ISSUE ..........................................11

I.   THE DISTRICT COURT USURPED APPELLATE
     JURISDICTION BY EXERCISING THIS COURT'S
     STATUTORY § 1292(B) DISCRETION ......................................12

     A.   Appellate jurisdiction over interlocutory orders
          under § 1292(b) involves dual district and circuit
          court discretion ...............................................12

     B.   A district court exceeds its judicial authority by
          deciding whether an appellate court would exercise
          its coordinate § 1292(b) discretion ..........................14

II.  THE ORDER DENYING 1292(B) CERTIFICATION IS
     PATENTLY ERRONEOUS AND A CLEAR ABUSE OF
     DISCRETION ...............................................................16

     A.   A substantial ground for difference of opinion exists
          where multiple courts and judges disagree over the
          injury-vs-discovery rule ......................................17

     B.   Exercising authority allocated to another court is
          manifest error ................................................20

III. MANDAMUS IS THE ONLY REMEDY TO REDRESS AN
     ORDER IMPROPERLY DENYING CERTIFICATION
     UNDER 28 U.S.C. § 1292(B) ............................................21

IV.  THE DISTRICT COURT PROCEEDINGS SHOULD BE
     STAYED PENDING THIS COURT'S CONSIDERATION OF
     THIS PETITION ...........................................................25

CONCLUSION...........................................................................28

CERTIFICATE OF SERVICE........................................................30

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME
     LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE
     REQUIREMENTS ..........................................................31

# TABLE OF AUTHORITIES

Page

## Cases

Affordable Aerial Photography, Inc. v. Property Matters USA, LLC,
108 F.4th 1358 (11th Cir. 2024).............................................................6

Ahrenholz v. Board of Trs. of the Univ. of Ill.,
219 F.3d 674 (7th Cir. 2000) .......................................................13, 22

Allied Chem. Corp. v. Daiflon, Inc.,
449 U.S. 33 (1980)................................................................................24

Bankers Life & Casualty Co. v.
Holland, 346 U.S. 379 (1953) .............................................................16

Betty K Agencies, Ltd. v. M/V MONADA,
432 F.3d 1333 (11th Cir. 2005) ....................................................17, 19

Blumenthal v. Trump,
no. 17-1154, 2019 WL 3948478 (D.D.C. Aug. 21, 2019) ..................28

Cheney v. United States Dist. Court for D.C.,
542 U.S. 367 (2004)..............................................................................16

Couch v. Telescope Inc.,
611 F.3d 629 (9th Cir. 2010) ...............................................................12

Davis v. City of Apopka,
no. 15-cv-01631, 2019 WL 9832059 (M.D. Fla. 2019)......................19

DiBella v. United States,
369 U.S. 121 (1962)..............................................................................12

Everly v. Everly,
958 F.3d 442 (6th Cir. 2024) ........................................................18, 19

*Fernandez-Roque v. Smith,
    671 F.2d 426 (11th Cir. 1982) ................................................................22, 23, 24

Fleming v. United States,
    127 F.4th 837 (11th Cir. 2025).............................................................................3

Friends of Everglades v. S. Fla. Water Mgmt. Dist.,
    570 F.3d 1210 (11th Cir. 2009) ...........................................................................22

Halo Elecs., Inc. v. Pulse Elecs., Inc.,
    136 S. Ct. 1923 (2016).........................................................................................17

Harrington v. Baby Gizmo Co.,
    no. 23-cv-5306 (N.D. Ill.) ...................................................................................26

Harrington v. Filtergrade LLC,
    no. 23-cv-11646 (D.Mass.)...................................................................................26

Harrington v. Grand Union Tours, Inc.,
    no. 24-cv-9677 (D.N.J.) .......................................................................................26

Harris v. Luckey,
    918 F.2d 888 (11th Cir. 1990) .............................................................................19

In re BellSouth Corp.,
    334 F.3d 941 (11th Cir. 2003) .............................................................................24

In re Ford Motor Co.,
    344 F.3d 648 (7th Cir. 2003) ...............................................................................23

In re McClelland Eng'rs, Inc.,
    742 F.2d 837 (5th Cir. 1984) ...............................................................................23

In re Ricoh Corp.,
    870 F.2d 570 (11th Cir. 1989) .............................................................................16

In re Temple,
    851 F.2d 1269 (11th Cir. 1988) ...........................................................................25

In re Trump,
    781 F. App'x 1 (D.C. Cir. 2019).................................................................23, 27

In re Trump,
    no. 19-8005, 2019 WL 4200443 (D.C. Cir. Sept. 4, 2019)...............................28

In re United States,
    no. 18-73014 (9th Cir. Nov. 8, 2018) .................................................................27

Jones v. Williams,
    no. 22-cv-1805, 2022 WL 18780105 (N.D. Ga. Nov. 1, 2022).....................8, 18

Juliana v. United States,
    no. 15-cv-1517, 2018 WL 6303774 (D. Or. Nov. 21, 2018) .............................28

Katz v. Carte Blanche Corp.,
    496 F.2d 747 (3d Cir. 1974)........................................................................24, 25

Mamani v. Berzain,
    825 F.3d 1304 (11th Cir. 2016) ...........................................................................7

*McFarlin v. Conseco Servs., LLC,
    381 F.3d 1251 (11th Cir. 2004) .............................................................14, 19, 21

Microsoft Corp. v. Baker,
    582 U.S. 23 (2017)..............................................................................................13

*Mohawk Indus., Inc. v. Carpenter,
    558 U.S. 100 (2009)..............................................................................13, 16, 29

Myers v. Sullivan,
    916 F.2d 659 (11th Cir. 1990) ...........................................................................21

Nealy v. Warner Chappell Music, Inc.,
    60 F.4th 1325 (11th Cir. 2024).......................................................................6, 15

Nken v. Holder,
    556 U.S. 418 (2009) ...........................................................................................25

Oakley v. Amazon.com, Inc.,
  no. 16-cv-3683, 2017 WL 413292 (N.D. Ga. Jan. 31, 2017).........................8, 18

Oppenheimer v. Palange,
  no. 23-cv-20507, 2023 WL 11916707 (S.D. Fla. Dec. 24, 2023) ...........8, 11, 17

Payne v. Essential Media Group LLC,
  no. 24-cv-21119, 2024 WL 2880727 (S.D. Fla. Jun. 8, 2024) ...........................8

Perry v. Think It's A Game Records, Inc.,
  no. 22-cv-2181, slip op. (N.D. Ga. Feb. 19, 2025) .....................................11, 27

Swint v. Chambers County Comm'n,
  514 U.S. 35 (1995)...................................................................................12

United States v. Kelly,
  888 F.2d 732 (11th Cir. 1989) .................................................................18

United States v. Sineneng-Smith,
  140 S. Ct. 1575 (2020)............................................................................15

United States v. Woodbury,
  263 F.2d 784 (9th Cir. 1959) ...................................................................12

Warner Chappell Music, Inc. v. Nealy,
  144 S. Ct. 1135 (2024).........................................................................9, 19

Warner Chappell Music, Inc. v. Nealy,
  144 S.Ct. 478 (2023)................................................................................5

Webster v. Dean Guitars,
  955 F.3d 1270 (11th Cir. 2020) .................................................................6

White v. Nix,
  43 F.3d 374 (8th Cir. 1994) ....................................................................18

Will v. United States,
  389 U.S. 90 (1967).................................................................................16

Yamaha Motor Corp. v. Calhoun,
    516 U.S. 199 (1996) ................................................................................12

## Statutes

17 U.S.C. § 507(b) .......................................................................... 1, 3, 4, 5

28 U.S.C. § 1291 ................................................................................. 21

*28 U.S.C. § 1292(b) .................................................................... passim

28 U.S.C. § 1651(a) ........................................................................ 1, 23

## Other Authorities

6 William F. Patry, Patry on Copyright § 20:20 (2024) .................................. 9, 20

MacKenzie Horton, Mandamus, Stop in The Name of Discretion: The
    Judicial "Myth" of The District Court's Absolute and Unreviewable
    Discretion in Section 1292(b) Certification, 64 BAYLOR L. REV. 976
    (2013) ..................................................................................................27

## Rules

Fed. R. Civ. P. 5 ....................................................................................14

## STATEMENT OF SUBJECT-MATTER AND APPELLATE JURISDICTION

This Court has original jurisdiction over this action, which seeks a writ of mandamus to the United States District Court for the Southern District of Florida under the All Writs Act. 28 § U.S.C. 1651.

## RELIEF SOUGHT

Petitioner does not lightly invoke this Court's extraordinary jurisdiction seeking a writ of mandamus. This case presents a rare circumstance of a district court exercising an appellate court's discretion, thereby exceeding its own jurisdiction and defeating the circuit court's coordinate discretion to choose whether to address the competing injury-vs-discovery rule of ordinary copyright infringement claim accrual under 17 U.S.C. § 507(b).

The district court usurped this Court's appellate jurisdiction under § 1292(b) by *itself* deciding whether *this* Court would, upon its second tier discretion, accept that purely legal issue for review, concluding (incorrectly) that "the Eleventh Circuit has been presented with the issue at least twice" and, according to the district court, because this Court "declined to rule on" the issue in those prior cases it "s[aw] no reason to certify its order for interlocutory appeal and ask the Eleventh Circuit to consider the issue for a third time." Order at 4.

1

It also manifestly abused its discretion concluding that all the district courts within the Eleventh Circuit have unanimously applied the discovery rule—ignoring (1) the mature district court split with multiple judges applying the injury rule while others have applied the discovery rule and (2) other jurists' criticism of the rule, including three justices of the Supreme Court.

More importantly, the certification order wholly evades appellate review, and mandamus is not only appropriate "in aid of" this Court's appellate jurisdiction, it is the *only* remedy for an improper denial of § 1292(b) certification. Although the standard for mandamus is, and should be, a high one, it is satisfied in the extraordinary circumstances presented here. Issuance of the writ to the district court is warranted here to confine that court to its half of § 1292(b) discretion, ensure it does not abuse it, and prevent it from exercising this Court's coordinate discretion to permit an interlocutory appeal of a nonfinal order.

Accordingly, a writ of mandamus should issue instructing the district court to vacate its order denying certification of the purely legal question of copyright infringement claim accrual, and require it to certify its order applying the discovery rule for immediate interlocutory review so that this Court may then exercise its own discretion to choose whether to hear the

merits of the injury-vs-discovery rule in the cleanest possible vehicle for such a question.

However, before a writ issues, the Court should stay the district court proceedings with the exception of ruling upon Island Villa's motion for reconsideration, and order the district court to promptly rule upon that motion.

## ISSUE PRESENTED

The narrow issue presented in this extraordinary writ is whether the district court improperly exercised this Court's discretion and clearly abused its own discretion under 28 U.S.C. § 1292(b) to certify its order applying the discovery rule rather than the injury rule of claim accrual under the Copyright Act. The "particulars" of the issue undeniably satisfy the § 1292(b) criteria such that it "uniquely merit[s] immediate review." Fleming v. United States, 127 F.4th 837, 845 (11th Cir. 2025). The core legal question embodied in the district court's order denying defendant Island Villa's Rule 12(c) motion for judgment on the pleadings is:

> Under 17 U.S.C. § 507(b), does an ordinary copyright infringement claim accrue when a plaintiff has a complete and present cause of action (the injury rule) or when the plaintiff learns of the infringement (the discovery rule)?

3

**FACTS NECESSARY TO UNDERSTAND THE ISSUE PRESENTED**

The underlying litigation concerns a singular claim of copyright infringement which Island Villa, as the defendant in the district court, sought to have dismissed at the outset as time-barred by the Copyright Act's statute of limitations, 17 U.S.C. § 507(b). While the district court denied Island Villa's Rule 12(c) motion for judgment on the pleadings when it applied the discovery rule to find plaintiff Maureen Harrington's infringement claim timely, in the subsequent order seeking certification of the legal question under § 1292(b) it grossly abused its discretion respecting certification of that order which usurped this Court's jurisdiction to decide the legal issue.

> **A.** **Harrington files a 1-count copyright complaint affirmatively alleging a date of infringement more than three years before suit was filed**

On September 19, 2023, plaintiff Maureen Harrington filed a 1-count claim for copyright infringement against defendant Island Villa Rental Properties, Inc. There is only one copyrighted work at issue and one alleged infringement: a photograph which appeared as a thumbnail image on Island Villa's blog nearly seven years ago. Am. Compl. at ¶ 15. That alleged conduct occurred just once: in July 2018. Id. Harrington expressly sought to use the discovery rule to save her stale claim, alleging she learned of the blog post

4

thumbnail "in November 2022." Am. Compl. at ¶ 20.

> **B.    Island Villa answers and moves for judgment on the pleadings arguing that plaintiff's action is time-barred under the Copyright Act's statute of limitations based on the injury rule**

Island Villa answered Harrington's amended complaint and asserted the claim was time-barred under 17 U.S.C. § 507(b). Ans. at 5. Island Villa then immediately moved for judgment on the pleadings pursuant to Rule 12(c). Def.'s Am. Mot. to Dismiss. It argued that the incident of injury rule is the proper construction of the word "accrue" in § 507(b) such that the limitations on Harrington's claim ran out by August 1, 2021. Id. at 3-6. All of the relevant facts are contained in the pleadings alone. Thus, the motion squarely confronted the purely legal question of the injury vs. discovery rule of claim accrual on the simplest of records.

In connection with that case-dispositive motion, Island Villa also moved to stay the proceedings while two potentially controlling cases were pending. Island Villa noted that the question remained one of first impression in the Eleventh Circuit, and argued that the discovery rule was incorrect. At that time, the Supreme Court had granted certiorari in Warner Chappell Music, Inc. v. Nealy, 144 S.Ct. 478 (2023), but not yet issued an opinion. Also at the time, Affordable Aerial Photography, Inc. v. Property Matters USA, LLC, no.

23-12563, was pending in this Court which also had the possibility of reaching the issue.

The district court stayed the proceedings, but later lifted it when neither of those cases directly reached the competing rule of claim accrual, leaving the question one of first impression in this Circuit.

### C. The district court applies the discovery rule

Shortly after lifting the stay, the district court entered an order denying Island Villa's motion for judgment on the pleadings. In a 1.5-page long discussion of the accrual issue, it cited only two cases: <u>Nealy v. Warner Chappell Music, Inc.</u>, 60 F.4th 1325 (11th Cir. 2024) and <u>Webster v. Dean Guitars</u>, 955 F.3d 1270 (11th Cir. 2020). <u>See</u> Order at 3. The district court acknowledged "[t]here are two recognized rules for determining a claim's accrual date: the discovery rule and the injury rule." <u>Id.</u> (citing <u>Nealy</u>). It also acknowledged that this Circuit had "not explicitly adopted either the discovery rule or the injury rule in the civil copyright infringement context." <u>Id.</u> Yet despite that statement, it then characterized <u>Nealy</u> as "**holding** that the discovery rule is appropriately applied to a plaintiff seeking retrospective relief for copyright infringement." <u>Id.</u> (emphasis supplied). The district court cited no decision of the Supreme Court nor engaged in any textual analysis of

6

§ 507. It relied solely on its understanding that <u>Nealy</u> had decided the question, despite simultaneously acknowledging that the question is one of first impression in the Eleventh Circuit. <u>Id.</u>

### D.     The district court ignores the split among district judges and denies Island Villa's motion to certify the legal issue

As a result of the district court's order applying the discovery rule to ordinary infringement claim accrual, Island Villa then moved, pursuant to 28 U.S.C. § 1292(b), to certify the court's order embodying the competing injury-vs-discovery rule.

Island Villa pointed out that the question is "an abstract legal issue which the Eleventh Circuit 'can decide quickly and cleanly.'" Def.'s Mot. to Certify at 4 (quoting <u>Mamani v. Berzain</u>, 825 F.3d 1304, 1312 (11th Cir. 2016)). It further noted the  straightforward record on which this Court could address the issue, constituting a mere 81 pages across seven filings, making it an ideal vehicle for review in a higher court. <u>Id.</u> For her part, Harrington did not dispute that the issue would be wholly dispositive of her suit, and that it was, on the first element under § 1292(b), a controlling question. Plf.'s Opp'n at 7 ("resolution of the injury rule vs. discovery rule would resolve this case").

Central to its motion on the second 1292(b) element, Island Villa cited numerous district court decisions from within the Eleventh Circuit where the

injury rule was applied and plaintiff's infringement claims dismissed.[1] Island Villa argued, among other things, a mature inter-district split existed. See Def.'s Mot. to Certify at 6; Def.'s Reply Mem. at 3-5. Island Villa further cited the Supreme Court's decision in Warner Chappell, the opinions of Judges Murphy and Gibbons of the Sixth Circuit, and a leading treatise—all of which Island Villa further argued constituted a substantial ground for difference of opinion on which accrual rule ought to prevail. See Def.'s Reply Mem. at 3-5 ("the odds are against the discovery rule surviving long") (quoting 6 William

---

[1] At that time, four courts have applied the injury rule: Payne v. Essential Media Group LLC, no. 24-cv-21119, 2024 WL 2880727 at *6 (S.D. Fla. Jun. 8, 2024) (Ruiz, J.) (declining to dismiss plaintiff's claim because the alleged infringement "both occurred and were discovered within the last year" but limiting recovery on them "to 2024, since the remaining allegations … concern alleged infringements that were discovered and/or occurred in December 2020 or earlier"); Oppenheimer v. Palange, no. 23-cv-20507, 2023 WL 11916707 (S.D. Fla. Dec. 24, 2023) (Gayles, J.) (applying the injury rule and dismissing plaintiff's copyright infringement claims as time-barred); Jones v. Williams, no. 22-cv-1805, 2022 WL 18780105 (N.D. Ga. Nov. 1, 2022) (Ray, J.) (applying the injury rule and dismissing plaintiff's complaint, but without prejudice because he might be able to "replead his claim to show that the alleged infringement did occur within the statute of limitations for a copyright infringement claim"); Oakley v. Amazon.com, Inc., no. 16-cv-3683, 2017 WL 413292 at *4 (N.D. Ga. Jan. 31, 2017) (Story, J.) (dismissing plaintiff's copyright infringement claims because they "are likely barred by the statute of limitations" where the defendants' actions occurred "in 2010 and … in 2012 … [b]ut Plaintiff did not file this suit until September 30, 2016 [and concluding that] any infringement claim based on those allegations falls at least one year after the statute of limitations expired").

F. Patry, Patry on Copyright § 20:20 (2024)).

On the third 1292(b) element, Island Villa argued, and Harrington agreed, that the question would materially advance the ultimate termination of the litigation. Def.'s Mot. to Certify at 9-10; Pl.'s Opp'n at 7.

The district court concurred with the parties that "[t]here appears to be no genuine dispute that the first and third elements are met here." Certification Order at 3. But on the second, it was "not convinced that there is substantial ground for difference of opinion on the issue." Id. It discussed neither the conflicting district court decisions cited by Island Villa, the concurrence of Judge Murphy, the vocal 3-justice dissent in Warner Chappell warning that the Copyright "Act almost certainly does not tolerate a discovery rule," nor Patry's Copyright treatise.[2]

The district court again correctly noted that "the Eleventh Circuit had not explicitly adopted either the discovery rule or the injury rule." Id. But it reasoned that "there is no evidence of district court … splits on the issue" and

---

[2] The district court also ignored the Supreme Court's approval of the procedural pathway for its review in Warner Chappell. The high court condoned § 1292(b) review on the issue there, expressly complimenting the district court judge, and in turn this Circuit, for "[a]ppreciat[ing] the impact of that ruling." Warner Chappell Music, Inc. v. Nealy, 144 S.Ct. 1135, 1138 (2024).

that Island Villa had not "prov[ed] that the district courts in the Eleventh Circuit are split." Id. It never cited to or attempted to reconcile the multiple cases cited by Island Villa all of which unmistakably applied the injury rule—with decisions where the district courts have rejected the injury rule in favor of the discovery rule.

Then, it went beyond the three elements of § 1292(b). In direct conflict its earlier citation to Nealy that the question remained open in this circuit, the district court asserted that this Court in Nealy was "presented with the issue" and that this Court "declined to rule on it." Id. at 4. It concluded that there was "no reason to certify its order for interlocutory appeal and ask the Eleventh Circuit to consider the issue for a third time." Certification Order at 4.[3]

### E.    Island Villa moves for reconsideration

On March 6, 2025, Island Villa moved for reconsideration of the order denying certification, relying on a recent and additional district court in the Eleventh Circuit that has joined the injury rule minority position. Perry v.

---

[3] The first two times, according to the district court, were in Nealy and Property Matters. While arguably that issue was indirectly before this Circuit in the latter appeal, the core issue concerned whether the defendant was a prevailing party upon the plaintiff's voluntary dismissal without prejudice.

Think It's A Game Records, Inc., no. 22-cv-2181, slip op. at 24 (N.D. Ga. Feb. 19, 2025) ("Plaintiffs' copyright infringement claim is not subject to the discovery rule. Rather, the claim accrues when Defendants commit an allegedly infringing act.") (citing Oppenheimer, 2023 WL 11916707).[4] Island Villa has asked the lower court to vacate its denial of certification, and certify its order on Island Villa's Rule 12(c) motion. As of the filing of this petition, that motion remains pending.

## REASONS WHY THE WRIT SHOULD ISSUE

The lower court improperly exercised this Court's discretion—and thus usurped appellate court jurisdiction—under 28 U.S.C. § 1292(b). It also did so in a patently erroneous way by ignoring multiple district courts in conflict, and downplaying the warning of three Supreme Court justices of the likely demise of the discovery rule. No reasonable jurist could conclude that there is not a substantial ground for a difference of opinion.

There is no other adequate remedy for a district court's improper refusal to certify because the invasion of this Court's appellate jurisdiction on interlocutory certification because such a decision is unreviewable upon a final

---

[4] Though not yet reported in Westlaw, the court's opinion is available at https://storage.courtlistener.com/recap/gov.uscourts.gand.303908/gov.uscourts.gand.303908.93.0.pdf

judgment. Mandamus is the appropriate and only remedy for a district court's invasion of a circuit court's 1292(b) discretion and gross abuse of discretion in the certification process.

## I. THE DISTRICT COURT USURPED APPELLATE JURISDICTION BY EXERCISING THIS COURT'S STATUTORY § 1292(B) DISCRETION

### A. Appellate jurisdiction over interlocutory orders under § 1292(b) involves dual district and circuit court discretion

"Congress expanded the latitude for intermediate appeals in civil actions" in passing the Interlocutory Appeals Act of 1958. DiBella v. United States, 369 U.S. 121, 125 (1962). The Act, codified at 28 U.S.C. § 1292(b), "enlarg[es] the jurisdiction of the courts of appeals." United States v. Woodbury, 263 F.2d 784, 785 (9th Cir. 1959). "The requirements of § 1292(b) are jurisdictional," Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010), such that a certification order stands apart from the merits of the litigation. That discretionary jurisdiction is established by a "two-tiered arrangement" in which the district court and circuit court play coordinate roles. Swint v. Chambers County Comm'n, 514 U.S. 35, 47 (1995); see also Yamaha Motor Corp. v. Calhoun, 516 U.S. 199, 205 (1996) ("appellate jurisdiction applies to the *order* certified to the court of appeals").

First, a district court "shall" certify its order for interlocutory appeal

"[w]hen a district judge … shall be of the opinion" that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The statute speaks in nondiscretionary terms: a district court "shall" grant certification once the three statutory elements are met. Id.; see also Ahrenholz v. Board of Trs. of the Univ. of Ill., 219 F.3d 674, 677 (7th Cir. 2000) (it is "the **duty** of the district court … to allow an immediate appeal to be taken when the statutory criteria are met") (emphasis supplied); see also Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 110-11 (2009) ("district courts should not hesitate to certify an interlocutory appeal" when a district court's ruling "is of special consequence"); Warner Chappell, 144 S.Ct. at 1138 (expressly condoning § 1292(b) certification for a similar question).

Upon certification, the appellate court then stands as the ultimate gatekeeper for its permissive jurisdiction at the second tier. Microsoft Corp. v. Baker, 582 U.S. 23, 30 (2017) (§ 1292(b) provides for "two-level inspection"). The statute thus provides for sequential but separate district and circuit court discretion. Consequently, "three things must happen in order for a court of appeals to have jurisdiction." McFarlin v. Conseco Servs., LLC, 381 F.3d 1251,

1253 (11th Cir. 2004). Besides (1) the order certifying the question, and (2) the party applying to the circuit court within 10 days of the certification order, (3) "the court of appeals must decide in its discretion to exercise interlocutory review." Id. The decision in this Court "to permit an interlocutory appeal … is made by a motions panel." Id. A singular district court judge has no role in that subsequent process, after a party seeks appellate review under Fed. R. Civ. P. 5.

### B. A district court exceeds its judicial authority by deciding whether an appellate court would exercise its coordinate § 1292(b) discretion

A district court may not exercise a circuit court's coordinate discretion under § 1292(b) and thereby insulate itself from its own legal errors committed in denying certification.

Island Villa urged the district court to allow this Court to decide whether to address the competing injury-vs-discovery rule. Mot. at 9 ("rather than assuming that the discovery rule applies when it remains an open question in the Eleventh Circuit, the most efficient course of action is to simply ask the higher court"). In denying certification however, the district court not only answered the question for itself, it also answered the question on behalf of this Court by venturing beyond its own § 1292(b) discretion. Its certification order

14

exercised *this* Court's statutory discretion on whether to hear the issue, and thus usurped this Court's appellate jurisdiction under 1292(b).

In no uncertain terms, the district court chose whether this Court would "consider the issue." Order at 4. It made that choice for this Court by misunderstanding that in <u>Nealy</u> the parties had agreed that the discovery rule applied, <u>Nealy</u>, 60 F.4th at 1329 (the parties had "agreed 'that this case presents an 'ownership dispute' within the meaning of the statute of limitations for copyright claims'"), and thus this Court correctly applied the party presentation principle, <u>e.g.</u>, <u>United States v. Sineneng-Smith</u>, 140 S. Ct. 1575, 1579 (2020) ("In our adversarial system of adjudication, we follow the principle of party presentation…. we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."). The district court therefore erred in concluding that certifying the question would be an inappropriate "third time" to allow this Court to have the opportunity to decide whether to reach the issue of the injury-vs-discovery rule. Order at 4. In that part of the district court's order, it did not exercise its discretion on any of the three 1292(b) elements—but rather adjudged whether this Court, "in its discretion, [would] permit an appeal to be taken." 28 U.S.C. § 1292(b).

Denying this Court its coordinate discretion whether to entertain plenary review of the district court's order applying the discovery rule "works a manifest injustice" <u>Mohawk</u>, 558 U.S. at 111, by invading this Court's 1292(b) discretionary discretion, thus usurping appellate power. Mandamus relief in such circumstances is, quite literally, "in aid of appellate jurisdiction." <u>Cheney v. United States Dist. Court for D.C.</u>, 542 U.S. 367, 380 (2004).

Because the certification order here usurped this Court's discretionary authority and jurisdiction, mandamus is not only appropriate, it is also the *only* possible remedy to review an improper denial of 1292(b) certification.

## II.    THE ORDER DENYING 1292(B) CERTIFICATION IS PATENTLY ERRONEOUS AND A CLEAR ABUSE OF DISCRETION

Although limited to "exceptional circumstances," mandamus is appropriate to correct **either** a "judicial 'usurpation of power' <u>**or**</u> a clear abuse of discretion." <u>Cheney</u>, 542 U.S. at 380 (emphasis added, citation omitted) (quoting <u>Will v. United States</u>, 389 U.S. 90, 95 (1967) and <u>Bankers Life & Casualty Co. v. Holland</u>, 346 U.S. 379, 383 (1953)); <u>see also</u> <u>In re Ricoh Corp.</u>, 870 F.2d 570 (11th Cir. 1989) (issuing the writ because "the district court clearly abused its discretion").

Where a legal rule, like the standard for certification under § 1292(b), is

"unambiguous" and a court fails to follow that standard, then it amounts to a "clear abuse of discretion." <u>See</u> <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1339-40 (11th Cir. 2005) (finding that the district court's failure to make specific findings prior to entering sanctions was a clear abuse of discretion).

Here, the district court's refusal to certify its order was not "guided by sound legal principles," <u>Halo Elecs., Inc. v. Pulse Elecs., Inc.</u>, 136 S. Ct. 1923, 1932 (2016), but rather by two separate legal errors.

### A.    A substantial ground for difference of opinion exists where multiple courts and judges disagree over the injury-vs-discovery rule

The district court's first error occurred when it grossly abused its discretion by concluding that there was "no evidence of district court … splits on the issue." Order at 4. It completely ignored Judge Gayle's statement that "[t]he injury rule applies [] because copyright infringement is the 'gravamen' of Plaintiff's claims" and subsequent judgment that "any claims based on acts of infringement that occurred before February 8, 2020, would be time-barred." <u>Oppenheimer</u>, 2023 WL 11916707. It similarly ignored Judge Ray's dismissal of the plaintiff's copyright infringement claim as "time-barred because the most recent act of copyright infringement **occurred** more than three years

17

before Plaintiff filed his claim." <u>Jones</u>, 2022 WL 18780105 (emphasis supplied).
So too with respect to Judge Story's observation that "[a] copyright
infringement claim accrues 'when an infringing act occurs.'" <u>Oakley</u>, 2017 WL
413292 at *4.

Those decisions, together with at least two other trial court judges in the
Eleventh Circuit (all cited by Island Villa), wholly refute the district court's
conclusion that there is "no evidence" of a split on the injury-vs-discovery rule.
Order at 4. That conclusion is not only erroneous, <u>White v. Nix</u>, 43 F.3d 374,
378 (8th Cir. 1994) ("identification of a 'sufficient number of conflicting and
contradictory opinions' would provide substantial ground for disagreement"),
it is a "clear error of judgment," <u>see</u> <u>United States v. Kelly</u>, 888 F.2d 732, 745
(11th Cir. 1989) (specifying the standard for abuse of discretion). While
reasonable minds might differ on which rule of claim accrual should govern,
<u>see</u> <u>Everly v. Everly</u>, 958 F.3d 442, 460 (6th Cir. 2024) (Murphy, J., concurring)
("express[ing] doubt over whether [the discovery rule] is the right way to think
about the start date for [the Copyright Act's] statute of limitations"), the
district court's ignoring other judges who have applied the injury rule was a
"mistake of law" concerning whether a "substantial ground for difference of
opinion" exists, and thus not within its "range of choice," <u>Betty K Agencies</u>,

18

432 F.3d at 1337, on whether § 1292(b)'s second element was satisfied. To satisfy the second element, a movant need only "show that at least two courts interpreted the legal principal differently." <u>Davis v. City of Apopka</u>, no. 15-cv-01631, 2019 WL 9832059, at *3 (M.D. Fla. 2019); <u>cf.</u> <u>McFarlin</u>, 381 F.3d at 1263 (presenting authority in support of the disputed issue "is necessary" for a movant to "carry [its] burden of establishing that as to this question 'there is substantial ground for difference of opinion'"); <u>Harris v. Luckey</u>, 918 F.2d 888, 892-93 (11th Cir. 1990) (because the movant "could be correct" concerning its reading of the competing case law, "there is a substantial ground for difference of opinion" and granted permission to appeal under § 1292(b)).

In the Eleventh Circuit, at least five district courts have applied, either directly or alternatively, the injury rule of claim accrual, while many others have followed the "trend" of the discovery rule. Were that not sufficient, three Supreme Court justices, <u>Warner Chappell</u>, 144 S. Ct. at 1140, and multiple circuit court judges, <u>Everly</u>, 958 F.3d at 459-68; ("the right question to ask in copyright cases is whether the complaint contains allegations of infringing acts that occurred within the three-year look-back period from the date on which the suit was filed") have criticized the rule, causing a leading treatise to conclude that "the odds are against the discovery rule surviving long." Patry

19

§ 20:20. The district court's conclusion that there is no substantial grounds for difference of opinion is patently erroneous.

### B. Exercising authority allocated to another court is manifest error

The district court's second error was exercising another court's discretion. <u>See</u> Section I.B , *supra*. That is not an element of certification under the statute allocated to the district court. Instead, § 1292(b) expressly vests, in "[t]he Court of Appeals" the "discretion [to permit an appeal to be taken." 28 U.S.C. § 1292(b). While the district court is free to theorize in dicta how this Court might dispose of Island Villa's Rule 5 application as a matter of curiosity (though it ought not to and avoid its decision from being misread), it cannot use that as a *legal* basis to deny certification because doing so exceeds its own discretion on whether the 1292(b) criteria are met. Those criteria were indeed satisfied.

In disposing of the motion for certification by ignoring the undeniable interdistrict split while also exceeding its statutorily-prescribed boundaries, the district court abused its discretion twice in patently erroneous ways. Mandamus should issue to correct the district court's erroneous denial of certification.

20

### III.    MANDAMUS IS THE ONLY REMEDY TO REDRESS AN ORDER IMPROPERLY DENYING CERTIFICATION UNDER 28 U.S.C. § 1292(B)

Certification under 1292(b) stands unique among a district court's other interlocutory orders. Such an order doesn't decide anything in the suit itself. Rather, it is simply a mechanism providing appellate review of a different order; the court's actual *substantive* order addressing a "controlling question of law" in the action. 28 U.S.C. § 1292(b). In contrast, a certification order simply determines an appellate court's discretionary jurisdiction, <u>McFarlin</u>, 381 F.3d at 1253, not the underlying issue in the litigation.

While a district court's "interlocutory orders merge into [its] final judgment, and a party may appeal the latter to assert error in the earlier interlocutory order," <u>Myers v. Sullivan</u>, 916 F.2d 659, 673 (11th Cir. 1990), an order denying 1292(b) certification is not one that can be reviewed post-judgment. Once a final judgment is entered, the underlying controlling question of law sought to be appealed interlocutorily earlier in the litigation would then itself be ripe for direct appeal. 28 U.S.C. § 1291. A certification order will thus always be mooted upon a final judgment.

"To decide a moot issue is to issue an advisory opinion, one unnecessary to the judicial business at hand and outside the authority of Article III courts."

21

Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009). If appellate review of an improper 1292(b) order denying certification were attempted as part of a direct appeal of a subsequent final decision, a circuit court—even concluding that the earlier certification was improperly denied—could provide no remedy to the appellant because the separate, substantive order would then be before the circuit court and the litigation will have occurred. A circuit court could not rewrite history and restore the parties to their pre-certification status when the error occurred, nor assume discretionary jurisdiction over a matter that, by the time of the final judgment, will have irreversibly occurred. Attempting to correct a district court for its earlier refusal to "use section 1292(b) when it should be used" Ahrenholz, 219 F.3d at 677, or for its patently erroneous certification or invasion of this Court's 1292(b) discretion in a subsequent plenary appeal would be a wholly advisory opinion over which this Court would lack Article III authority. Cf. Friends of Everglades, 570 F.3d at 1216.

Consequently, this Court and other circuits have employed the extraordinary remedy of mandamus to correct erroneous certification, either by inviting or directly compelling a district court to certify a question under § 1292(b). Fernandez-Roque v. Smith, 671 F.2d 426, 431-32 (11th Cir. 1982)

(treating appeal as petition for writ of mandamus and directing the district court to certify a question); In re McClelland Eng'rs, Inc., 742 F.2d 837, 839 (5th Cir. 1984) ("request[ing]" that district court "certify its interlocutory order for appeal"); In re Trump, 781 F. App'x 1, 2 (D.C. Cir. 2019) (denying mandamus without prejudice and remanding to the district court "for immediate reconsideration of the motion to certify"); but see In re Ford Motor Co., 344 F.3d 648, 653-55 (7th Cir. 2003) (suggesting that mandamus is rarely appropriate to review denial of § 1292(b) certification).[5] In Fernandez-Roque, this Court expressly directed the district court that a jurisdictional question "shall [] be certified to this Court, pursuant to 28 U.S.C. § 1292(b), upon request by any party." Fernandez-Roque, 671 F.2d at 431-32. It found it was "necessary to invoke [its] discretionary powers under the All Writs Act, 28 U.S.C. § 1651(a), in order to supervise the judicial administration of [that] case" because it was concerned that the proceedings in the district court had

---

[5] The Seventh Circuit's conclusion that mandamus would destroy the dual gatekeeper system overlooks the inverse scenario, presented here, in which a district court then becomes the "one gatekeeper" if a mandamus remedy *is* unavailable. An appellate court, as a normal incident of its review of abuses of discretion in a lower tribunal, can use mandamus where appropriate to protect its own § 1292(b) decision-making authority. Mandamus merely allows the second gatekeeper to ensure that the first gatekeeper is functioning adequately and fairly.

effectively "defeat[ed] appellate review." <u>Id.</u> The same is true here.

A gross abuse of discretion in denying a certifiable order while improperly exercising a circuit's coordinate authority under § 1292(b) effectively defeats appellate review of the certification order itself as well as discretionary review of the underlying order with its controlling question of law.

The "judicial usurpation of power" that justifies a mandamus remedy, <u>In re BellSouth Corp.</u>, 334 F.3d 941, 953 (11th Cir. 2003) (quoting <u>Allied Chem. Corp. v. Daiflon, Inc.</u>, 449 U.S. 33, 34-35 (1980)), will have occurred without the possibility of correction because the "harm to litigants [is] uncorrectable on appeal" when the wasted "trial time and litigation expense" that § 1292(b) was designed to avoid will already have occurred, <u>Katz v. Carte Blanche Corp.</u>, 496 F.2d 747, 753-56 (3d Cir. 1974) (en banc).

Mandamus lies in this rare circumstance to correct a usurpation of a circuit's coordinate discretion and appellate jurisdiction and a gross abuse of discretion in denying certification.

## IV. THE DISTRICT COURT PROCEEDINGS SHOULD BE STAYED PENDING THIS COURT'S CONSIDERATION OF THIS PETITION

This Court has previously granted stays of district court proceedings pending disposition of a petition for a writ of mandamus. See, e.g., In re Temple, 851 F.2d 1269, 1271 (11th Cir. 1988) (staying all lower court actions against petitioner). A stay is likewise appropriate here, with the exception of a ruling on Island Villa's pending motion for reconsideration. See Nken v. Holder, 556 U.S. 418, 425-26 (2009) (standard for a "traditional" stay pending appeal).

Island Villa has made a strong showing that it is likely to succeed on the merits of the certification issue, demonstrating that the district court improperly exercised this Court's appellate power while also abusing its own discretion respecting the second certification element of a substantial grounds for difference of opinion. See Sections I-II, *supra*.

Island Villa would be irreparably injured absent a stay given that mandamus is the only remedy for an erroneous certification order as a result of the litigation expense that 1292(b) was designed to avoid. Katz, 496 F.2d 747; see also Section III, *supra*.

A stay will not substantially injure the only other party to the underlying

action, plaintiff Maureen Harrington, because, in the nearly 100 infringement suits she has initiated, she has routinely delayed their filing *years* after when the alleged infringement occurred. E.g., Compl. Harrington v. Baby Gizmo Co., no. 23-cv-5306 (N.D. Ill.) (nine years); Compl. Harrington v. Grand Union Tours, Inc., no. 24-cv-9677 (D.N.J.) (seven years); Compl. Harrington v. Filtergrade LLC, no. 23-cv-11646 (D.Mass.) (six years). On the other hand, the public interest in clarifying the injury-vs-discovery rule is undeniable, as multiple amici in various Supreme Court certiorari petitions involving the issue makes plain. RADesign v. Michael Grecco Prods., Inc., no. 24-768 (three amici to date); Warner Chappell Music, Inc. v. Nealy, no. 22-1078 (13 amici); Petrella v. Metro-Goldyn-Mayer, Inc., no. 12-1315 (15 amici).

While mandamus ought to remedy the district court's invasion of this court's discretion under § 1292(b), and correct a manifestly erroneous application of the statutory criteria, Island Villa has asked that court to reconsider its order denying certification. A new order granting certification would moot this petition, and a stay should issue from this Court with the exception of briefing and a ruling on that motion. "It is the rare district court judge who will refuse to certify upon resubmission once the appellate court has explicitly stated that certification is appropriate, even when mandamus is not

mentioned." MacKenzie Horton, <u>Mandamus, Stop in The Name of Discretion: The Judicial "Myth" of The District Court's Absolute and Unreviewable Discretion in Section 1292(b) Certification</u>, 64 BAYLOR L. REV. 976, 991 (2013).

Just 15 days ago, yet another district court applied the injury rule, and dismissed a copyright infringement action as time-barred. <u>Perry v. Think It's A Game Records, Inc.</u>, no. 22-cv-2181, slip op. (N.D. Ga. Feb. 19, 2025). In <u>Perry</u>, Judge Geraghty, like multiple other judges within the Eleventh Circuit, distinguished ownership from infringement claims, and concluded that the "Plaintiff's copyright infringement claim is not subject to the discovery rule." <u>Id.</u> at *24. Her decision, together with the others from within this Circuit, undeniably shows a split that satisfies § 1292(b). That recent decision alone adequately supports the district court's reconsideration of its certification order.

As part of a stay order, this Court should direct the district court to promptly dispose of that motion before necessitating issuance of an extraordinary remedy of mandamus. <u>See</u>, Order at 2, <u>In re United States</u>, no. 18-73014 (9th Cir. Nov. 8, 2018) (ordering the district court to "promptly resolve [the] petitioners' motion to reconsider the denial of the request to certify [its] orders for interlocutory review"); <u>In re Trump</u>, 781 F. App'x at 2

27

(instructing the district court to "immediate[ly] reconsider[] the motion to certify"). Before the Ninth Circuit acted on the mandamus petition, the district court reconsidered its order and then certified an interlocutory appeal. See Juliana v. United States, no. 15-cv-1517, 2018 WL 6303774 (D. Or. Nov. 21, 2018), mooting the mandamus action. Similarly, the District Court for the District of Columbia likewise reconsidered its denial, and certified its order to the D.C. Circuit, Blumenthal v. Trump, no. 17-1154, 2019 WL 3948478, at *3 (D.D.C. Aug. 21, 2019), which then accepted review. In re Trump, no. 19-8005, 2019 WL 4200443, at *1 (D.C. Cir. Sept. 4, 2019). This Court might avoid issuing an extraordinary writ of mandamus through a preliminary stay order which instructs the district court to promptly rule upon Island Villa's motion for reconsideration and urge the lower court to reevaluate its conclusion that the second element of § 1292(b) certification is not satisfied. The order could also signal, without deciding, this Court's potential interest in granting discretionary review of the court's order employing the discovery rule.

## CONCLUSION

Because the statutory "preconditions for § 1292(b) review" are indisputably satisfied, and the refusal to certify constituted a gross abuse of discretion that "works a manifest injustice," the district court "should not

[have] hesitate[d] to certify" the injury-vs-discovery rule for immediate interlocutory appeal. <u>Mohawk</u>, 558 U.S. at 110-11.

Island Villa respectfully requests the Court first issue a stay and instruct the district court to promptly address Island Villa's pending motion for reconsideration. If the district court does not vacate its erroneous certification order, then this Court should issue a writ of mandamus to the United States District Court for the Southern District of Florida, with instructions to certify the question presented pursuant to 28 U.S.C. § 1292(b).

Alternatively, the Court should treat this petition as a direct appeal of a collateral order. <u>Mohawk</u>, 558 U.S. at 106 (under 28 U.S.C. § 1291, there exist "a 'small class' of collateral rulings that, although they do not end the litigation, are appropriately deemed 'final'").

<u>  /s/ Griffin Klema         </u>
Griffin C. Klema, Esq.
Fla. Bar No. 100279
**Klema Law, P.L.**
420 W. Kennedy Boulevard
Tampa, FL 33606
PO Box 172381
Tampa, FL 33672
(202) 713-5292
<u>Griffin@KlemaLaw.com</u>
*Counsel for Petitioner*

29

## CERTIFICATE OF SERVICE

I certify that, pursuant to and in compliance with Fed. R. App. P. 21(a)(1)

and 11th Cir. R. 25-3(f), this Petition was filed with the Clerk of the United

States Court of Appeals for the Eleventh Circuit via the Case Management,

Electronic Case Filing (CM/ECF) system and e-mailed on March 6, 2025, to:

> Jose M. Martinez
> District Court Judge
> United States District Court for the Southern District of Florida
> Wilkie D. Ferguson, Jr. United States Courthouse
> 400 North Miami Avenue, Room 10-1
> Miami, Florida 33128
> martinez@flsd.uscourts.gov
> *Presiding trial-court Judge*
>
> Daniel DeSouza, Esq.
> Florida Bar No.: 19291
> dan@copycatlegal.com
> pleadings@copycatlegal.com
> hali@copycatlegal.com
> Lauren M. Hausman, Esq.
> Florida Bar No.: 1035947
> lauren@copycatlegal.com
> **COPYCAT LEGAL PLLC**
> 3111 N. University Drive, Suite 301
> Coral Springs, FL 33065
> Telephone: (877) 437-6228
> *Attorneys for Plaintiff below, Maureen Harrington*

> __/s/ Griffin Klema_____
> Griffin C. Klema, Esq.
> *Counsel for Petitioner*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

This document complies with the type-volume limit of Fed. R. App. P. 21(d)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 6,253 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in 14-point Century Expanded font.

_/s/ Griffin Klema_____
Griffin C. Klema, Esq.
*Counsel for Petitioner*

Dated: March 6, 2025