No. 25-10731

---

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

---

In re ISLAND VILLA RENTAL PROPERTIES, INC.,

  *Petitioner.*

---

# *AMENDED* NOTICE OF BRIEFING COMPLETE IN THE DISTRICT COURT ON PETITIONERS' MOTION FOR RECONSIDERATION

---

Griffin C. Klema, Esq.
Fla. Bar No. 100279
**Klema Law, P.L.**
420 W. Kennedy Boulevard
Tampa, FL 33606
PO Box 172381
Tampa, FL 33672
(202) 713-5292
Griffin@KlemaLaw.com
*Counsel for Petitioner*

Petitioner Island Villa Rental Properties, Inc., files this amended notice of briefing complete to include the certificate of service, required by Rule 25, which petitioner inadvertently omitted from its earlier-filed notice.

Petitioner, Island Villa Rental Properties, Inc., provides notice that briefing on its motion for reconsideration in the District Court is now complete, and attaches hereto copies of that briefing.

__/s/ Griffin Klema_____
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I certify that, pursuant to and in compliance with Fed. R. App. P. 21(a)(1), Fed. R. App. P. 25(d)(1), and 11th Cir. R. 25-3(f), this document and its attachment(s) were filed with the Clerk of the United States Court of Appeals for the Eleventh Circuit via the Case Management, Electronic Case Filing (CM/ECF) system and e-mailed on March 14, 2025, to:

Jose M. Martinez
District Court Judge
United States District Court for the Southern District of Florida
Wilkie D. Ferguson, Jr. United States Courthouse
400 North Miami Avenue, Room 10-1
Miami, Florida 33128
martinez@flsd.uscourts.gov
*Presiding trial-court Judge*

Daniel DeSouza, Esq.
Florida Bar No.: 19291
dan@copycatlegal.com
pleadings@copycatlegal.com
hali@copycatlegal.com
Lauren M. Hausman, Esq.
Florida Bar No.: 1035947
lauren@copycatlegal.com
**COPYCAT LEGAL PLLC**
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
*Attorneys for Plaintiff below, Maureen Harrington*

     /s/ Griffin Klema
Griffin C. Klema, Esq.
*Counsel for Petitioner*

2

## INDEX TO THE DISTRICT COURT BRIEFING

| Document Description | DE No. |
| --- | --- |
| Defendant's motion for reconsideration | 58 |
| Plaintiff's memorandum in opposition to defendant's motion for reconsideration | 59 |
| <u>Perry v. Think It's A Game Records, Inc.</u>, no. 22-cv-2181, slip op. (N.D. Ga. Feb. 19, 2025) | 59-1 |
| Defendant's reply memorandum of law in support of its motion for reconsideration | 60 |

# Docket No. 58

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 4:23-cv-10080-JEM**

MAUREEN HARRINGTON,
as personal representative for the
Estate of BLAINE HARRINGTON III,

      Plaintiff,

v.

Island Villa Rental Properties Inc.,

      Defendant.

---

## DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER [ECF 56] DENYING ISLAND VILLA'S MOTION TO CERTIFY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

Defendant, Island Villa Rental Properties Inc., pursuant Local Rule 7.1, moves the Court to reconsider its order [ECF 56] denying Island Villa's motion to certify the order denying defendant's motion for judgment on the pleadings [ECF 49] for immediate appeal.

**PRELIMINARY STATEMENT**

In its order, [ECF 56] denying Island Villa's motion to certify the Court's earlier order applying the discovery rule [ECF 49], the Court found that Island Villa had not met "its burden of proving that the district courts in the 11th Circuit are split on the issue" of whether the injury or discovery rule applies for ordinary copyright infringement claim accrual under 17 U.S.C. § 507(b). Order at 4. That conclusion, however, relies on a misapprehension of the district court decisions within the Eleventh Circuit and decisions of the other circuit courts.

On February 19, 2025, Judge Geraghty entered an order dismissing the plaintiff's copyright infringement claims based on the injury rule. Perry v. Think It's A Game Records, Inc., no. 22-cv-2181, slip op. (N.D. Ga. Feb. 19, 2025). She expressly concluded that "Plaintiffs' copyright infringement claim is not subject to the discovery rule." Id. at *24. More importantly for reconsideration, she cited one of the cases cited by Island Villa showing that the district courts have split on the issue: Oppenheimer v. Palange, no. 23-cv-20507, 2023 WL 11916707 (S.D. Fla. Dec. 24, 2023). While the district (and circuit) court split existed prior to Perry, that new case provides further and "new" evidence of that split, warranting reconsideration.

Additionally, Island Villa intends on seeking a writ of mandamus from the Eleventh Circuit respecting the Court's denial of certification, arguing, *inter alia*, that the order improperly exercised that court's § 1292(b) discretion.

## STANDARD FOR RECONSIDERATION

"Federal courts have substantial discretion in ruling on motions for reconsideration," and one ground that can "justify reconsideration" is "the need to correct clear error or prevent manifest injustice." Just Play, LLC v. FitzMark, Inc., 2021 WL 4973587, at *1 (S.D. Fla. Sept. 9, 2021). Another ground is to present newly discovered evidence. Z.K. Marine Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). When a district court issues "an interlocutory order, the district court has plenary power over it and this power to reconsider, revise, alter or amend the interlocutory order is not subject to the limitations of Rule 59." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1315 (11th Cir. 2000)). "Rules 59(e) and 60(b) only come into play after a final, appealable judgment is entered." Hornady v. Outokumpu Stainless USA, LLC, 118 F.4th 1367, 1379 (11th Cir. 2024) (citing Toole). In contrast to reconsideration under those rules, which

involve a "significantly higher showing" a movant can satisfy its burden with less. See id. at 1381.

Reconsideration may be sought "at any time before [the] final decree," id. at 1380 (quoting John Simmons Co. v. Grier Bros., 258 U.S. 82, 90-91 (1922)), although "the more time that has passed between a district court's ruling and a party's motion to reconsider that ruling, the less willing the court ought to be to entertain the party's request," id. at 1381.

**ARGUMENT**

The Court's order denying certification of its order applying the discovery rule for copyright infringement claim accrual under § 507(b) embodies clear error. While the Court correctly found that the first and third elements under 28 U.S.C. § 1292(b) exist on that issue, it erred in concluding the second element is not satisfied. It also erred in exercising the circuit court's discretion on whether it would accept for review the Court's order applying the discovery rule. Regardless of those errors, a new case undermines the Court's conclusion that no district court split exists on the issue. That alone warrants reconsideration.

I.     <u>A DISTRICT COURT (AND CIRCUIT COURT) SPLIT UNDENIABLY EXISTS ON THE QUESTION OF INFRINGEMENT CLAIM ACCRUAL</u>

In its motion briefing, Island Villa cited numerous district court decisions within the Eleventh Circuit in which other judges have applied the injury rule to find a plaintiff's infringement claims time-barred.

That included Oppenheimer v. Palange, no. 23-cv-20507, 2023 WL 11916707 (S.D. Fla. Dec. 24, 2023), where there is no doubt that Judge Gayles dismissed an infringement claim based on the injury rule. Were that not evident from his opinion, an

earlier decision of his makes clear that he views infringement claims as accruing differently from ownership claims. Finch v. Casey, no. 22-cv-20144, 2023 WL 1796450 at *5 (S.D. Fla. Feb. 7, 2023) (infringement and ownership claims "are subject to different accrual standards"). Judge Ray also directly applied the injury rule, dismissing the plaintiff's claim as time-barred because "each new infringing act causes a new claim to accrue." Jones v. Williams, no. 22-cv-1805, 2022 WL 18780105 (N.D. Ga. Nov. 1, 2022). Judge Story ruled similarly.   Oakley v. Amazon.com, Inc., no. 16-cv-3683, 2017 WL 413292 at *4 (N.D. Ga. Jan. 31, 2017) (dismissing plaintiff's copyright infringement claims because they "are likely barred by the statute of limitations" where the defendants' actions occurred "in 2010 and … in 2012 … [b]ut Plaintiff did not file this suit until September 30, 2016 [and concluding that] any infringement claim based on those allegations falls at least one year after the statute of limitations expired").

There was, at the time of the Court's order denying certification, at least three district court decisions directly employing the injury rule to find a plaintiff's infringement claims untimely, while numerous others recognized that such a rule existed found the case involved copyright ownership and therefore applied the discovery rule. E.g., Black Box Royalties, Inc. v. Universal Music Publ'g, Inc., no. 15-cv-04013, 2017 WL 3508727 (N.D. Ga. Feb. 21, 2017).

Ignoring those cases constitutes a clear error of judgment as to the second element of § 1292(b) certification because a party seeking certification under § 1292(b) need only "show that at **least two courts** interpreted the legal principal differently." Davis v. City of Apopka, no. 15-cv-01631, 2019 WL 9832059, at *3 (M.D. Fla. 2019) (emphasis supplied); see also White v. Nix, 43 F.3d 374, 378 (8th Cir. 1994) ("identification of **a**

'**sufficient number** of conflicting and contradictory opinions' would provide substantial ground for disagreement") (emphasis supplied); <u>Harris v. Luckey</u>, 918 F.2d 888, 892-93 (11th Cir. 1990) (because the movant "could be correct" concerning its view of the competing case law "there is a substantial ground for difference of opinion"). Here, at least *four* courts have interpreted § 507(b)'s claim accrual differently than other courts, in addition to circuit court decisions and other evidence of differences of opinion on the question.

The Court's certification order did not mention any of the cases identified by Island Villa, or even attempt to explain how they followed the discovery rule (if that is how the Court read them). Nor did the Court address why three Supreme Court justices have suggested in dicta that the discovery rule "very likely does not exist." <u>Warner Chappell Music, Inc. v. Nealy</u>, 144 S. Ct. 1135, 1140 (2024).

The Court also did not address how circuit courts too have doubted the rule. <u>See Everly v. Everly</u>, 958 F.3d 442, 459-68 (6th Cir. 2020) (predicting "that the Supreme Court may one day hold that the plain text of the Copyright Act's statute of limitations contains an occurrence rule, not a discovery rule"); <u>Consumer Health Info. Corp. v. Amylin Pharms., Inc.</u>, 819 F.3d 992, 996 (7th Cir. 2016) ("the separate-accrual rule, [] applies to ordinary infringement suits"); <u>Chicago Bldg. Design, P.C. v. Mongolian House, Inc.</u>, 770 F.3d 610, 616 (7th Cir. 2014) ("the right question to ask in copyright cases is whether the complaint contains allegations of infringing acts that occurred within the three-year look-back period from the date on which the suit was filed"); <u>William A. Graham Co. v. Haughey</u>, 646 F.3d 138, 150 (3d Cir. 2011) (the discovery rule is not "an accrual doctrine" but rather is "one of those legal precepts that operate to toll the running of the limitations

period after a cause of action has accrued"). That multiple jurists at all levels of the federal courts have doubted the viability of the discovery rule has also found its way into a leading treatise. 6 William F. Patry, Patry on Copyright § 20:20 (2024). Commentators have noticed that tension too, stating that "there are dissenting voices in the lower courts" on the discovery rule, "and it seems to be only a matter of time before one of the Courts of Appeals takes a case en banc and rejects the discovery rule." Tyler T. Ochoa, Warner Chappel Music, Inc. v. Nealy and the Copyright Act's Statute of Limitations, HISTORICAL AND TOPICAL LEGAL DOCUMENTS, SUBMISSIONS 98, 136 (2025), available at https://digitalcommons.law.scu.edu/historical/2898/.

In view of that existing body of law and secondary authorities, the Court's certification order is manifestly erroneous that no substantial grounds for a difference of opinion exist.

## II. <u>NEW EVIDENCE CONFIRMS THE EXISTENCE OF THE DISTRICT COURT SPLIT, CLEARLY ESTABLISHING SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION</u>

Even if the Court remains convinced, when it denied certification, that the discovery rule was being uniformly applied within the Eleventh Circuit and that no other courts had cast doubt on it, a new case decided after the Court's order was entered clearly shows there is such inter-district conflict.

Judge Geraghty, citing Oppenheimer, explicitly reached the same conclusion as Judge Gayles: an ordinary "copyright infringement claim is not subject to the discovery rule." Perry, slip op. at *24. Thus, Perry itself stands as a further and independent reason to reconsider the Court's order denying § 1292(b) certification, because it is "new evidence" which entirely undermines the Court's conclusion that there is "no evidence of

district court or circuit splits on the issue." Order at 4. Reconsideration is wholly appropriate when, as here, it would satisfy even the "significantly higher showing" under Rule 60(b)(2) where new evidence would justify relief from a final judgment. Hornady, 118 F.4th at 1381.

### III. SPECULATING HOW THE CIRCUIT COURT MIGHT EXERCISE ITS OWN § 1292(B) DISCRETION IS ERROR

In addition to misapprehending the difference of opinion on the injury-vs-discovery rule, the Court also erred when it went beyond the factors for § 1292(b) certification.

In making that error, the Court misapprehended Nealy. There, the parties had "agreed 'that this case presents an 'ownership dispute' within the meaning of the statute of limitations for copyright claims.'" Nealy v. Warner Chappell Music, Inc., 60 F.4th 1325, 1329 (11th Cir. 2024). In contrast to that explicit statement, the Court here asserted that "the Eleventh Circuit [was] presented with the issue" in Nealy. Order at 4. But the Eleventh Circuit could not, however, have reached the question of claim accrual in ordinary infringement (i.e. non-ownership) actions as a consequence of the party presentation principle. That principle limits the court's "role of neutral arbiter of matters the parties present" such that appellate courts will not decide matters where the parties have not setup the issue as a disputed one, thus seriously undermining adversarial briefing which is necessary to proper adjudication. E.g., United States v. Sineneng-Smith, 140 S. Ct. 1575, 1579 (2020). Like the Eleventh Circuit, the Supreme Court felt similarly constrained in not reaching the issue for the same reason. Warner Chappell, 144 S. Ct. at 1138 ("Warner Chappell accepted that the discovery rule governed the timeliness of Nealy's claims"). Thus, the Court erred by concluding that the Eleventh Circuit was presented with the issue in Nealy.

As to Property Matters, while briefing in that case had indicated the Eleventh Circuit would address the issue, there are myriad reasons why it might not have. It may well have concluded the case was an ill-suited vehicle to resolve the question. It may have decided the issue it was not necessary to do so in reaching its holding that the defendant was not the prevailing party for purposes of attorney's fees. Why a higher court decides to reach an issue unnecessary to resolve an appeal (or not), is not for a lower court to surmise, especially in the context of interlocutory certification since that speculation has no bearing on the § 1292(b) statutory criteria. This case, on the other hand, cleanly and unavoidably presents the issue unlike either Warner Chappell or Property Matters. If the Eleventh Circuit does not believe the matter should occupy time on its docket, then it can simply decline to accept the interlocutory appeal.

But it is improper for this Court to speculate as to whether an appellate court will reach an issue or not, either in prior cases or as part of § 1292(b) certification. In doing so, the Court essentially exercised *that* court's coordinate discretion to accept an interlocutory matter for plenary review. That is clear error which this Court ought to additionally correct by vacating its order.

## CONCLUSION

Reconsideration is appropriate here, where the case remains at an early stage. The Court's order denying certification is still recent and the errors in it can be corrected while also recognizing the district court split.

This Court misapprehended the state of district court decisions respecting the competing injury-vs-discovery rule of ordinary copyright infringement claim accrual. Its conclusion in the prior order that there is no evidence of a split is manifestly erroneous, thus constituting an abuse of discretion. There cannot be any conclusion other than a

substantial ground for difference of opinion exists. Additionally, the Court misapprehended <u>Nealy</u> and improperly exercised the discretion of the Circuit Court, thus exceeding this Court's § 1292(b) authority.

Regardless of those missteps, a new case makes clear that the Court ought to reconsider its order. <u>Perry</u> stands as "new evidence" of the split, which itself justifies reconsideration.

**WHEREFORE**, defendant Island Villa, Inc. respectfully requests the Court:

a) grant this motion;

b) vacate its order denying Island Villa's motion to certify, [ECF 56];

c) enter an order pursuant to 28 U.S.C. § 1292(b) certifying to the United States Court of Appeals for the Eleventh Circuit the Court's order denying Island Villa's motion for judgment on the pleadings [ECF 49];

d) amend the order [ECF 49] to directly include the certification; and

e) for such further relief as the Court deems just and proper.


## CERTIFICATE OF COUNSEL

Counsel for the movant certifies that he conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.


    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381

Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*

# Docket No. 59

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10080-JEM

MAUREEN HARRINGTON, as personal
representative for the estate of BLAINE
HARRINGTON III,

      Plaintiff,

v.

ISLAND VILLA RENTAL PROPERTIES
INCORPORATED,

      Defendant.

---

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION

Plaintiff Maureen Harrington, as personal representative for the Estate of Blaine Harrington III ("Plaintiff"), hereby files this memorandum in opposition to defendant Island Villa Rental Properties Incorporated's ("Defendant") Motion for Reconsideration of the Court's Order [ECF 56] Denying Island Villa's Motion to Certify Appeal Pursuant to 28 U.S.C. § 1292(b) (the "Motion for Reconsideration") [D.E. 58], and states as follows:

1.      Rule 4-8.4 of the Florida Rules of Professional Conduct requires that a lawyer not "engage in conduct involving dishonesty, fraud, deceit, ***or misrepresentation***."[1]    Rule 4-3.3 imposes a duty of candor to the tribunal on all attorneys practicing in Florida: "A lawyer shall not knowingly… make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."

2.      The Motion for Reconsideration implicates both rules and is indicative of the larger

---

[1]    Emphasis added.

problem of Defendant's counsel continuing to delay these proceedings by grasping at straws.

3.      Other than accusing the Court of failing to consider the cases cited by Defendant in its Motion to Certify Appeal, the **sole** basis for the Motion for Reconsideration is the February 19, 2025 decision in <u>Perry v. Think It's a Game Records, Inc.</u>, which Defendant discusses extensively throughout the Motion for Reconsideration.

4.      Most importantly, Defendant represents <u>Perry</u> as follows:[2]

copyright infringement claims based on the injury rule.  <u>Perry v. Think It's A Game Records, Inc.</u>, no. 22-cv-2181, slip op. (N.D. Ga. Feb. 19, 2025). She expressly concluded that "Plaintiffs' copyright infringement claim is not subject to the discovery rule." <u>Id.</u> at *24.

5.      Defendant, however, fails to disclose its selective quoting of the actual sentence at issue and deletion of the preceding clause:[3]

As such, based on the facts alleged by Plaintiffs and their failure to respond to Defendants' statute of limitations argument, Plaintiffs' copyright infringement claim is not subject to the discovery rule.  Rather, the claim

6.      Defendant's counsel was certainly aware of the preceding clause, yet **deliberately** deleted such from the quotation to mislead the Court into believing that the sentence began with "Plaintiff's copyright infringement claim…."

7.      Worse still, Judge Geraghty directly addressed the issue earlier in the Order when she noted that the plaintiff failed to respond to the statute of limitations arguments and as such abandoned any opposition thereto:[4]

---

[2]      <u>See</u> Motion for Reconsideration, at p. 2
[3]      <u>See</u> Exhibit "A," a true and correct copy of the February 19, 2025 Order in <u>Perry v. Think it's a Game Records, Inc.</u>, at p. 24 (emphasis added).
[4]      <u>Id.</u> at p. 20.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

### C. Statute of Limitations

Defendants contend that the Copyright Act's statute of limitations precludes Plaintiffs from recovering for alleged infringement that occurred before June 1, 2019.  (Doc. 86-1 at 11-13; Doc. 87-1 at 14-15.)  Plaintiffs have not responded to Defendants' argument.[5]

---

[5] "When an argument is raised upon a motion to dismiss that a claim is subject to dismissal, and the non-moving party fails to respond to such an argument, such claims are deemed abandoned and subject to dismissal."  *Mathews v. Home Depot USA, Inc.*, No. 1:22-CV-02605-ELR, 2023 WL 2731721, at *10 (N.D. Ga. Feb. 22, 2023) (cleaned up); *see also* L.R. 7.1, NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").

8.    Defendant's selective quotation of <u>Perry</u> appears to be designed specifically to avoid disclosure of the fact that the plaintiff therein never responded to the statute of limitations argument or otherwise raise the countless decisions within this Circuit holding that the discovery rule applies.  Such conduct is troubling at best.  <u>See, e.g.</u>, <u>Santini v. Cleveland Clinic Fla.</u>, No. 98-6559-CIV-ZLOCH, 1999 U.S. Dist. LEXIS 23667, at *61–62 (S.D. Fla. Sep. 2, 1999) ("Miller breached his duty of candor to this tribunal. He deliberately structured his memorandum, affidavits, and witness testimony to create a false impression with the Court. By employing such 'clever devices to divert the search, mislead opposing counsel or the court, or cover up that which is necessary for justice in the end,' Miller's conduct fell far below the ethical standards to which this Court - indeed, any court - expects its officers to adhere."); <u>Bautista v. Star Cruises</u>, 696 F. Supp. 2d 1274, 1279 (S.D. Fla. 2010) ("Moreover, not only did Plaintiffs' counsel not cite controlling law, counsel cited and relied on law from other circuits to support its Rule 60(b)(6)

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

motion, thus implying that no controlling law existed in the Eleventh Circuit. This failure to disclose controlling law combined with reliance on other circuits' law not only violates Rule 11, it also violates Rule 4-3.3 of the Rules Regulating The Florida Bar.  Counsel's behavior would appear to be an attempt to mislead the Court as to the applicable law, in violation of the letter and the spirit of Rule 4-3.3.").

9.      Defendant certainly could have accurately quoted <u>Perry</u>, but doing so would not have allowed Defendant to rehash its earlier-rejected arguments and further delay these proceedings.

10.     The Motion for Reconsideration does not raise any sufficient basis for another bite at the proverbial apple.  The Court was already presented with <u>Oppenheimer</u> (a decision from within this District), yet chose instead to follow the long line of district court cases throughout the Eleventh Circuit that embrace the discovery rule.

11.     The fact that <u>Perry</u> embraces the injury rule "based on the facts alleged by Plaintiffs and their failure to respond to Defendants' statute of limitations argument" does not change the calculus.  This Court has already considered the Copyright Act and the cases throughout the Eleventh Circuit interpreting it and concluded that the discovery rule applies.

12.     Defendant's misrepresentation of <u>Perry</u>, while worthy of (at minimum) an admonition from the Court, does not warrant reconsideration or further delays in this case.

13.     The Court should recognize the Motion for Reconsideration for what it is and should deny the motion accordingly.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an Order: (a) denying the Motion; (b) admonishing Defendant and/or its counsel for misrepresenting the decision in <u>Perry</u>; and (c) for such further relief as the Court deems proper.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Dated: March 6, 2025.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
lauren@copycatlegal.com


By: /s/ Daniel DeSouza_____
     Daniel DeSouza, Esq.
     Florida Bar No.:  19291
     Lauren Hausman, Esq.
     Florida Bar No.: 1035947


## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.


/s/ Daniel DeSouza
Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

# Docket No.

# 59-1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TERRELL PERRY and
PRODUCED BY SOS, LLC,

       Plaintiffs,

       v.

THINK ITS A GAME RECORDS,
INC., et al.,

       Defendants.

CIVIL ACTION NO.

1:22-CV-2181-SEG

## O R D E R

This matter is before the Court on Defendants Think It's A Game
Records, Inc. ("TIG"), Warner Records, Inc. ("Warner Records"), and Warner
Music Group Corp.'s ("WMGC") partial motion to dismiss (Doc. 86), and
Defendant Empire Distribution, Inc.'s ("Empire") motion to dismiss (Doc. 87).
After careful consideration, the Court enters the following order.

## I.    Background[1]

This is a copyright infringement action concerning two instrumental music recordings created by Plaintiff Terrell Perry, a music producer.  (Second Am. Compl., Doc. 85 ¶ 10.)  Plaintiffs allege that, on or about April 1, 2012, Perry created a hip-hop instrumental track, colloquially known as a "beat," titled "Built for This."  (*Id.* ¶ 11.)  Several months later, Perry produced a second track, titled "Greatness."  (*Id.* ¶ 16.)  Both recordings were registered with the U.S. Copyright Office almost a decade later, on March 5, 2021.  (*Id.* ¶¶ 11, 16.)  The copyright registrations are held by Perry's company, Plaintiff Produced By SOS, LLC ("SOS").  (*Id.*)

Soon after creating the instrumental tracks, Plaintiff Perry began shopping them around to different hip-hop artists, hoping to find an artist interested in purchasing the beats to produce songs.  (*Id.* ¶ 12.)  As part of these efforts, Perry participated in a studio session with up-and-coming rapper, Rich Homie Quan ("Quan").  (*Id.* ¶ 13.)  At the studio session, Quan allegedly recorded a "demo" song over Perry's "Built for This" track, titled

---

[1] The following facts are derived from Plaintiffs' second amended complaint. (Doc. 85.)  For purposes of resolving the pending motions to dismiss, the Court accepts the well-pled allegations as true and construes them in the light most favorable to Plaintiffs.  *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321-22 (11th Cir. 2012).

"Better Watch What You Sayin." (*Id.* ¶ 13.)  During another studio session, Quan recorded a demo using Perry's "Greatness" beat, titled "Ten." (*Id.* ¶ 17.)  Ultimately, Quan decided not to purchase Perry's tracks and Perry did not authorize their sale or commercial exploitation. (*Id.* ¶¶ 14-15, 17-18.)  Had Quan decided to use the tracks in a commercially released album, Plaintiffs aver that, as is customary, they would have arranged a producer agreement ensuring Perry received compensation. (*Id.* ¶ 19.)

Plaintiffs allege that, unbeknownst to them, Defendants TIG and Empire commercially released the album *Still Goin In* in August 2012. (*Id.* ¶ 20.)  The album included the song "Better Watch What You Sayin," incorporating Perry's "Built for This" track. (*Id.* ¶ 20.)  In addition, after Quan recorded the demo "Ten"—partially based on Perry's "Greatness" beat—Defendants TIG and Warner Records released the album *Still Goin In – Reloaded*. (*Id.* ¶ 21.)  This album included both "Better Watch What You Sayin" and "Ten." (*Id.* ¶ 21.)  Moreover, Plaintiffs assert that Defendant TIG contracted with Defendant Empire to distribute *Still Goin In – Reloaded* in the fall of 2013. (*Id.* ¶ 22.)

According to Plaintiffs, Defendants' infringement of Perry's works has continued for a decade since the initial release of the *Still Goin In* albums. From December 16, 2014, to February 11, 2022, Defendants TIG, Empire, and

WMGC have commercially released several different albums that include one or both infringing songs. (*Id.* ¶¶ 23-28.) Plaintiffs assert that they have attempted to enforce their copyrights against Defendants "[t]hroughout the years, and as recently as April 2021[.]" (*Id.* ¶ 29.) Despite these efforts, Defendants have continued to commercially exploit the infringing tracks, which remain available for purchase and download on various streaming platforms. (*Id.* ¶¶ 30-31.)

Plaintiffs bring one claim of copyright infringement against all Defendants. (*Id.* ¶¶ 34-42.) They allege that Defendants' infringement was willful and seek, *inter alia*, the greater of compensatory or statutory damages under the Copyright Act of 1976, 17 U.S.C. § 504, and attorney's fees. (*Id.* at 9-12.) Defendants have moved to dismiss Plaintiffs' claim and requests for relief on several grounds. (Doc. 86, 87.)

## II. Legal Standards

### A. Motion to Dismiss for Lack of Personal Jurisdiction (Rule 12(b)(2))

Federal Rule of Civil Procedure 12(b)(2) authorizes dismissal of a claim for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima

facie case of jurisdiction." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). Plaintiffs may establish a prima facie case by presenting sufficient evidence to withstand a motion for directed verdict. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990); *Allegiant Physicians Serv., Inc. v. Sturdy Memorial Hosp.*, 926 F. Supp. 1106, 1112 (N.D. Ga. 1996). A party presents enough evidence to withstand a motion for directed verdict by putting forth "substantial evidence . . . of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions." *Walker v. NationsBank of Fla.*, 53 F.3d 1548, 1555 (11th Cir. 1995); *see also Polskie Linie Oceaniczne v. Seasafe Transp. A/S*, 795 F.2d 968, 972 (11th Cir. 1986) (explaining that, if the defendant makes a showing of the inapplicability of the long-arm statute, "the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint."). The Court construes the well-pled jurisdictional allegations in the complaint as true to the extent that they are uncontroverted by a defendant's evidence. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988); *Allegiant Physicians*, 926 F. Supp. at 1112; *Foxworthy v. Custom Tees, Inc.*, 879 F. Supp. 1200, 1207 n.10 (N.D. Ga. 1995).

**B. Motion to Dismiss for Failure to State a Claim (Rule 12(b)(6))**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a case when the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a Rule 12(b)(6) motion, the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321-22 (11th Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully," and when the "complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citing *Twombly*, 550 U.S. at 557). The complaint thus must contain more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause

of action"—it must allege facts that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III.   Discussion

Defendants make several arguments in their respective motions to dismiss.  First, Defendant WMGC argues that it should be dismissed from this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  (Doc. 86-1 at 16-24.)  Second, Defendant Empire asserts that Plaintiffs are "bound" by allegations in their original complaint because they contradict representations made in the second amended complaint.  (Doc. 87-1 at 15-21.)    Third, Defendants contend that Plaintiffs' copyright infringement claim is barred, on statute of limitations grounds, with respect to alleged infringement that occurred before June 1, 2019.  (Doc. 86-1 at 11-13; Doc. 87-1 at 14-15.)   Fourth, Defendants argue that Plaintiffs' request for statutory damages and attorney's fees are precluded by the Copyright Act. (Doc. 86-1 at 9-16; Doc. 87-1 at 17.)   The Court addresses each argument in turn.

### A. Personal Jurisdiction

Defendant WMGC moves to dismiss Plaintiffs' copyright infringement claim against it under Rule 12(b)(2) for lack of personal jurisdiction.  (Doc. 86-1 at 16-24.)  Because "[a] court without personal jurisdiction is powerless to

take further action," courts must rule on jurisdictional issues before considering the merits of a complaint. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999). For the following reasons, the Court finds that it does not have personal jurisdiction over WMGC.

There are "two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Ford Motor Co. v. Montana Eighth Judicial District Court*, 592 U.S. 351, 358 (2021). In the context of a corporation, a court may exercise general jurisdiction only when a defendant is "essentially at home" in the state. *Id.* at 352. Plaintiffs do not contend that Defendant WMGC is subject to this Court's general jurisdiction. The second amended complaint concedes that WMGC is incorporated in Delaware and has its principal place of business in New York. (Doc. 85 ¶ 5.) As such, the relevant inquiry is whether WMGC is subject to specific jurisdiction in this case.

Specific jurisdiction "covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford Motor Co.*, 592 U.S. at 359. A district court "undertakes a two-step inquiry in determining whether [specific] personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States

8

Constitution." *Diamond Crystal*, 593 F.3d at 1257-58 (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)) (internal quotation marks omitted). These two inquiries cannot be conflated because Georgia's long-arm statute, O.C.G.A. § 9-10-91, "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process." *Id.* at 1259.

The Georgia long-arm statute provides, in pertinent part, that a court may exercise personal jurisdiction over a nonresident who:

> (1) Transacts any business within this state;
> (2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act; [or]
> (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state . . . .

O.C.G.A. § 9-10-91(1)-(3). The statute requires "that an out-of-state defendant must do certain acts within the State of Georgia before he can be subjected to personal jurisdiction." *Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank*, 620 S.E.2d 352, 353 (Ga. 2005) (citation omitted). Courts must construe the Georgia long-arm statute "literally and give full effect to the breadth of its language." *Diamond Crystal*, 593 F.3d at 1264.

Plaintiffs contend that the Court can exercise personal jurisdiction over WMGC because it "has entered into multiple agreements with Defendant TIG, a corporation with a principal office in Georgia, to distribute the copyrighted works underlying this action." (Doc. 90 at 5.) While Plaintiffs do not identify the specific provisions of Georgia's long-arm statute upon which they rely, the Court construes their argument as implicating the first three prongs of the statute. O.C.G.A. § 9-10-91(1)-(3). That is, Plaintiffs argue that Defendant WMGC "[t]ransacts . . . business within this state[,]" O.C.G.A. § 9-10-91(1), "[c]ommit[ed] a tortious act . . . within this state," *id.* § 9-10-91(2), and committed an act outside the state which "caused" "a tortious injury in this state[,]" *id.* § 9-10-91(3), by distributing albums that infringe on Plaintiffs' copyrights.

To support their argument, Plaintiffs attach entries from the "GS1 database," which purport to "show that WMGC is the licensor of" several commercially released albums that contain the allegedly infringing songs. (Doc. 90 at 5-6; Doc. 90-1.) Plaintiffs do not explain what the "GS1 database" is. Neither do they submit a declaration to authenticate the "GS1 database" or explain the significance of its entries. In addition, Plaintiffs' second amended complaint provides the following generic allegations regarding jurisdiction:

> This Court has personal jurisdiction over each Defendant because each has established sufficient contact with the State of Georgia to justify the exercise of personal jurisdiction over each. Further, each Defendant has purposefully availed itself of the laws of this state by violating Mr. Perry and SOS' copyright interests in and to the works at issue, defined below, and by directing and continuing to direct the distribution and reproduction of the infringing works, defined below, to the residents of this state. Each Defendant, including non-Georgia resident Defendants, transacts substantial business within the state, including entering into distribution agreements with Georgia residents, including Defendant TIG as described more fully herein, and signing artists based in Georgia. Further, each Defendant targets residents of the State of Georgia, and upon information and belief, directs significant business efforts into this state.

(Doc. 85 ¶ 8.) Plaintiffs also assert that WMGC "commercially released" several albums containing the infringing songs and "continue[s] to cause both [Accused] Works to remain available for purchase and download on various streaming platforms." (Doc. 85 ¶¶ 25-28, 31.)

Defendant WMGC has presented two declarations that contravene Plaintiffs' allegations. (Doc. 86-3, 92-1.) WMGC, through a corporate representative, has attested that it is not registered to do business in Georgia (Doc. 86-3 ¶ 3); does not own or operate offices in Georgia (*id.* ¶ 4); does not have telephone numbers or physical addresses in Georgia (*id.* ¶ 5); does not own, rent or lease real estate in Georgia (*id.* ¶ 6); and does not have any bank accounts in Georgia (*id.* ¶ 7). Significantly, WMGC declares that it "is not a record label or music publishing company." (*Id.* ¶ 8.) Rather, "[i]t is a holding

company that does not own, exploit or administer copyrights, or release albums or enter into distribution agreements or sign artists." (*Id.*) As such, WMGC attests, it "has not sold or otherwise distributed any physical or digital product embodying or containing [the allegedly infringing songs] . . . in Georgia or any other state." (*Id.*) Directly contradicting Plaintiffs' argument for personal jurisdiction, WMGC declares that it "has never had any contractual relationship with [D]efendant TIG, nor any role in the distribution or exploitation of the recordings that are the subject matter of this lawsuit." (Doc. 92-1 ¶ 3.) WMGC attests that "[t]he only Warner Music Group entity that had any such role is Defendant Warner Records Inc. . . . , which is the only entity to have entered into any agreement with TIG relating to the recordings at issue." (*Id.* ¶ 7.)

Because WMGC's declarations undercut Plaintiffs' argument for personal jurisdiction—that WMGC has entered into an agreement with TIG to distribute the infringing albums—the Court must determine whether Plaintiffs have submitted evidence "of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions." *Walker*, 53 F.3d at 1555. The only evidence that Plaintiffs have presented are three screenshots of webpages from the "GS1 database." (Doc. 90-1.) Absent context, which Plaintiffs fail to provide, it is

difficult for the Court to discern any meaning from the screenshots. For instance, the first screenshot identifies a Global Trade Item Number ("GTIN"), 093624910824, and states that "[t]his number is registered to Warner Music Group Corp[.]" (Doc. 90-1 at 2.) The webpage also lists an address for WMGC, "License Key" number, "Global Location Number" ("GLN"), and specifies the "License Type" as a "GS1 Company Prefix[.]" (*Id.*) The Court is left to guess about the significance of this information or how it supports Plaintiffs' position.

In response to Plaintiffs' proffer of "GS1 database" entries, WMGC explains, via declaration, that "GS1 is an information standards organization that administers Universal Product Codes ("UPCs") and their associated Global Trade Item Numbers ("GTINs")." (Doc. 92-1 ¶ 5.) GS1 "licenses 'Company Prefixes' to its members to serve as 'building blocks' for these UPC barcodes." (*Id.* ¶ 5.) However, according to WMGC, "GSI does not purport to independently confirm that an entity to whom it issues GTINs or Company Prefixes is the owner, licensee or licensor of any third-party intellectual property rights." (*Id.* ¶ 5.) WMGC candidly admits that because "these prefixes were licensed by GS1 decades ago, we cannot determine why 'WMGC' and 'Warner Music Group' were selected." (*Id.* ¶ 7.) However, WMGC insists, "the GS1 Company Prefixes do not confer any intellectual property rights and

13

Plaintiffs' documents in no way confirm that WMGC had any role in the distribution of the recordings at issue . . . ." (*Id.* ¶ 7.)

The Court agrees with Defendant WMGC. "Where, as here, the defendant submits affidavits demonstrating the absence of personal jurisdiction, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction.'" *BellSouth Advert. & Publ'g Corp. v. AVA Advert., Inc.*, No. 1:06-CV-0365-CC, 2006 WL 8433197, at *1 (N.D. Ga. Aug. 10, 2006) (quoting *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002)). The "GS1 database" screenshots that Plaintiffs have submitted are insufficient to carry that burden.[2] The

---

[2] In addition, Plaintiffs' evidence is inadmissible because it has not been authenticated through a declaration or any other method. Plaintiffs thus have failed to present any competent evidence demonstrating personal jurisdiction over WMGC. *See, e.g.*, *Martin v. H&R Block, Inc.*, No. 6:21-CV-520-WWB-LHP, 2022 WL 22868457, at *11 (M.D. Fla. June 8, 2022), *report and recommendation adopted*, 2022 WL 22868458 (M.D. Fla. Sept. 22, 2022) (explaining that competent evidence for establishing personal jurisdiction must be admissible); *Pyure Brands, LLC v. Nascent Health Sci. LLC*, No. 1:18-cv-23357-UU, 2019 WL 7945231, at *5 n.2 (S.D. Fla. Mar. 5, 2019) (noting that, once a defendant has produced evidence to refute jurisdictional allegations, the plaintiff must submit admissible evidence that has been authenticated); *see also Daniels v. Howe Law Firm, P.C.*, No. 1:15-CV-827-SCJ-RGV, 2016 WL 11581822, at *2 (N.D. Ga. May 17, 2016) ("[I]nformation available from private Internet websites [is] not remotely akin to the type of facts which may be appropriately judicially notice[d].").

screenshots do not reference Defendant TIG in any manner, let alone suggest that WMGC entered into an agreement with TIG.  Nor do the screenshots indicate that WMGC distributed the allegedly infringing albums in Georgia or any other state.  In fact, the screenshots do not even contain the names of the infringing albums or songs, they merely list several product codes and identify WMGC as a "licensee" of those codes.  Furthermore, it is unclear that licensing a GTIN number indicates that one is a licensor or distributor of certain music, and Plaintiffs simply do not provide the missing links.

In sum, Plaintiffs have not provided sufficient evidence to show that WMGC has transacted business in Georgia or had anything to do with the distribution of the allegedly infringing music at issue.  To the contrary, WMGC has detailed its lack of contacts with Georgia and attested that it never had any contractual relationship with defendant TIG, nor any role in the distribution or exploitation of the relevant albums.  Accordingly, the Court finds that it cannot exercise personal jurisdiction over WMGC under Georgia's long-arm statute.[3]  The claims against WMGC are therefore dismissed without prejudice.

---

[3] "Where a reviewing court determines that 'it does not have personal jurisdiction over [a nonresident defendant] pursuant to the Georgia long-arm statute, the Court does not need to address whether or not exercise of personal jurisdiction over [that nonresident defendant] would violate due process.'"

## B. Consistency of Second Amended Complaint with Prior Pleadings

Defendant Empire argues that Plaintiffs' second amended complaint contradicts allegations made in their original complaint and that Plaintiffs should be "bound" by their initial pleading. (Doc. 87-1 at 15-21.)

Ordinarily, an amended complaint supersedes the original and renders it "a legal nullity." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016); *Dresdner Bank, A.G. v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." (quotation omitted)). Some courts, however, "have recognized an exception to this rule where the plaintiff amends his complaint to respond to a motion to dismiss and directly contradicts the facts set forth in the original complaint or manipulates the allegations to avoid a dispositive defense." *Davis v. Yellowpages.com LLC*, No. 1:17-CV-397-ELR-JKL, 2017 WL 11742750, at *4 (N.D. Ga. July 21, 2017), *report and recommendation adopted*, 2017 WL 11742749 (N.D. Ga. Aug. 15, 2017). "Under such circumstances, a court is authorized 'to accept the facts

---

*WAM USA, Inc., v. Fierros,* No. 1:22-CV-3131-AT, 2022 WL 20689729, at *8 (N.D. Ga. Dec. 19, 2022) (citing *Burgess v. Religious Tech. Ctr., Inc.*, No. 13-cv-02217, 2014 WL 11281382, at *3 n.2, (N.D. Ga. Feb. 19, 2014)).

described in the original complaint as true' and ignore the plaintiff's attempt to fabricate a complaint that can withstand dismissal." *Id.* (quoting *Colliton v. Cravath, Swaine & Moore LLP*, No. 08 CV 400(NRB), 2008 WL 4386764, at *6 (S.D.N.Y. Sept. 24, 2008)). Assuming, without deciding, that the exception applies in this circuit, the exception is exceedingly narrow and should only be applied on "rare occasions." *Fernandez v. Sch. Bd. of Miami-Dade Cnty.*, 201 F. Supp. 3d 1353, 1361 (S.D. Fla. 2016) (cleaned up).

Defendant Empire points to three purported inconsistencies in Plaintiffs' pleadings. First, it notes that Plaintiffs' original complaint (Doc. 1) characterized Perry and Quan as "co-owners" of the infringing songs, which might permit a co-owner defense to Plaintiffs' claim of copyright infringement. (Doc. 87-1 at 17, 19-21; *see* Doc. 1 ¶ 12.) By contrast, the second amended complaint does not characterize Perry and Quan as co-owners, instead alleging that Quan recorded the infringing songs using instrumental tracks that Perry solely owns. (Doc. 85 ¶¶ 13, 17.) Second, Empire contends that Plaintiffs' initial complaint conceded that Empire's infringing conduct ceased on April 27, 2017, placing it outside of the three-year limitations period, while the second amended complaint does not. (Doc. 87-1 at 18-19; *see* Doc. 1 ¶ 17.) Third, Empire complains that the original complaint alleged that Plaintiffs disclosed

their copyright claim to a lawyer in July 2017, but the second amended complaint omits this allegation.  (Doc. 87-1 at 18-19; *see* Doc. 1 ¶ 19.)

Upon review of the differences between Plaintiffs' original and second amended complaints, the Court finds that this is not the rare case warranting an inference that Plaintiffs have manipulated their allegations to survive dismissal.  First, whether Perry and Quan should be considered "co-owners" of the allegedly infringing songs at issue is a mixed question of law and fact that depends on their respective intentions to create a "joint work."  *See* 17 U.S.C. § 101 ("A 'joint work' is a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole.")  It is not unreasonable that Plaintiffs would, after further investigation or reflection, amend their theory of co-ownership in favor of one that relies on Perry's sole ownership of the underlying instrumental music tracks.  Indeed, the copyright registration information submitted by Defendants demonstrates that the instrumental tracks were copyrighted separately from the songs in which they are alleged to have been incorporated.  (Doc. 86-2.)[4]  The Court does not consider that the

---

[4] Because the Court does not presume that Quan and Perry were co-owners of the allegedly infringing songs, it need not consider Defendant Empire's request for the Court to take judicial notice that Empire was an authorized licensee of Quan's songs.  (Doc. 87-1 at 20-21.)

amendment in question "directly contradicts" or improperly "manipulates" the original complaint's allegations. *Davis*, 2017 WL 11742750, at \*4

Second, the argument that Plaintiffs' original complaint conceded that Empire's alleged copyright infringement ended on April 26, 2017, is unavailing. Empire points to a paragraph in Plaintiffs' original complaint stating:

> On April 26, 2017, Defendant Think It's A Game Entertainment, LLC dissolved and on April 27, 2017 then Incorporated as Think It's a Game Records, Inc. and thereafter signed a distribution agreement with Defendant Warner Music Group and back dated the Albums to include the distribution and previous release dates.

(Doc. 1 ¶ 17.) This paragraph, however, does not clearly indicate, by omission or otherwise, that Empire was no longer involved in distributing the allegedly infringing albums after April 2017. Moreover, in the second amended complaint, Plaintiffs allege that Empire, along with the other Defendants, "continue to cause both Infringing Works to remain available for purchase and download on various streaming platforms." (Doc. 85 ¶ 31.) That additional allegation, while not present in Plaintiffs' initial complaint, does not directly contradict it. At the motion to dismiss stage, this allegation is sufficient to plead that Empire engaged in infringing conduct during the three-year limitations period.

Third, Plaintiffs have not directly contradicted earlier pleadings by choosing to omit from the second amended complaint an allegation about previously disclosing their copyright infringement claim to a lawyer.  The second amended complaint simply leaves unstated the date on which Plaintiffs discovered the alleged infringement.

Accordingly, the Court does not find that Plaintiffs' second amended complaint so directly contradicts their earlier pleadings to warrant displacing their amended allegations.  The Court therefore accepts the allegations in the second amended complaint as true for purposes of resolving Defendants' motions to dismiss.

### C. Statute of Limitations

Defendants contend that the Copyright Act's statute of limitations precludes Plaintiffs from recovering for alleged infringement that occurred before June 1, 2019.  (Doc. 86-1 at 11-13; Doc. 87-1 at 14-15.)  Plaintiffs have not responded to Defendants' argument.[5]

---

[5] "When an argument is raised upon a motion to dismiss that a claim is subject to dismissal, and the non-moving party fails to respond to such an argument, such claims are deemed abandoned and subject to dismissal."  *Mathews v. Home Depot USA, Inc.*, No. 1:22-CV-02605-ELR, 2023 WL 2731721, at *10 (N.D. Ga. Feb. 22, 2023) (cleaned up); *see also* L.R. 7.1, NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").

Section 507 of the Copyright Act provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). A copyright infringement claim ordinarily "arises or 'accrue[s]' when an infringing act occurs." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 670 (2014). Under "the separate-accrual rule" governing infringement claims, "when a defendant commits successive violations, the statute of limitations runs separately from each violation." *Id.* at 671. That is, "[e]ach time an infringing work is reproduced or distributed, the infringer commits a new wrong[,]" giving rise to a new infringement claim and attendant three-year limitations period. *Id.*; *Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325, 1330 (11th Cir. 2023), *aff'd*, 601 U.S. 366 (2024) ("[A]ttendant to the injury rule is the separate-accrual rule, which means that a new copyright claim accrues with each discrete infringement."). Thus, when a defendant "is alleged to have engaged . . . in a series of discrete infringing acts, the copyright holder's suit ordinarily will be timely under § 507(b) with respect to more recent acts of infringement (*i.e.*, acts within the three-year window), but untimely with respect to prior acts of the same or similar kind." *Petrella*, 572 U.S. at 672.

However, the Eleventh Circuit "draw[s] a distinction between the accrual of copyright *infringement* and copyright *ownership* claims." *Webster v. Dean*

21

*Guitars*, 955 F.3d 1270, 1275 (11th Cir. 2020) (emphasis added). "[W]here the 'gravamen' of a copyright claim is ownership, a plaintiff's claim accrues when he knew or should have known about the infringement." *Nealy*, 60 F.4th at 1330. Put another way, the claim accrues when the plaintiff discovered, or should have discovered, "that the defendant was violating his ownership rights." *Webster*, 955 F.3d at 1276. "[U]nlike an ordinary copyright infringement claim, which accrues for each infringing act, a claim concerning mainly ownership accrues only once." *Id.* This doctrine—"the discovery rule"—permits *some* copyright plaintiffs to "recover retrospective relief for infringement occurring more than three years before the lawsuit's filing so long as the plaintiff's claim is timely under the discovery rule." *Nealy,* 60 F. 4th at 1331.[6]

While the contours of a copyright ownership claim, as opposed to a copyright infringement claim, are not entirely clear, "[t]he gravamen of a copyright claim is ownership if ownership of the copyright is the only disputed issue." *Id.* at 1330. For instance, where a plaintiff seeks a declaration that he

---

[6] Although the Eleventh Circuit has adopted the discovery rule for copyright ownership claims, the Supreme Court has not yet decided whether application of the discovery rule is proper. *Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366, 371 (2024) ("We have never decided whether . . . a copyright claim accrues when a plaintiff discovers or should have discovered an infringement, rather than when the infringement happened.").

is the owner of a copyrighted work, the "gravamen" of his claim is ownership. *See, e.g.*, *Master Mind Music, Inc. v. Block Enterprises, LLC*, No. 1:12-CV-162-RWS, 2012 WL 6625754, at *4 (N.D. Ga. Dec. 18, 2012) (finding that ownership was the gravamen of a plaintiff's copyright infringement claim where it sought "a declaration that it is the sole owner of the copyrighted works"); *see also Black Box Royalties, Inc. v. Universal Music Publ'g, Inc.*, No. 1:15-CV-04013-ELR, 2017 WL 3508727, at *7 (N.D. Ga. Feb. 21, 2017) (explaining that because "the parties dispute[d] who own[ed] the compositions, not whether there was infringement, the gravamen of the dispute [was] copyright ownership").

Here, Plaintiffs present their claim as one for ordinary copyright infringement. (Doc. 85 ¶¶ 34-42.)  Their second amended complaint characterizes the ownership of Plaintiffs' copyrighted works—namely, the instrumental music tracks—as undisputed. (*Id.* ¶ 11, 16.)  Moreover, Plaintiffs do not seek a declaration establishing ownership of copyrighted material.  And neither Plaintiffs' complaint, nor their responses to Defendants' respective motions to dismiss invoke the discovery rule.  Drawing all plausible inferences in Plaintiffs' favor, as it must, the Court finds that the "gravamen" of Plaintiffs' copyright infringement claim is *not* ownership.  *See, e.g.*, *Conley v. Vacanti*, No. 23-60384-CIV, 2024 WL 3791910, at *3 (S.D. Fla. Jan. 3, 2024) ("[F]rom the four corners of the Second Amended Complaint it is not clear that the

gravamen of the copyright infringement claim is ownership."); *Wilson v. Kelly*, No. 1:18-CV-05014-JPB, 2020 WL 11191807, at *6 (N.D. Ga. Mar. 5, 2020).

As such, based on the facts alleged by Plaintiffs and their failure to respond to Defendants' statute of limitations argument, Plaintiffs' copyright infringement claim is not subject to the discovery rule. Rather, the claim accrues when Defendants commit an allegedly infringing act. Under the separate-accrual approach, Plaintiffs' infringement claim is better viewed as a series of claims, with the three-year limitations period running separately from each infringing act. *See Petrella*, 572 U.S. at 670-671. Plaintiffs filed this action on June 1, 2022. (Doc. 1.) Pursuant to the Copyright Act's three-year limitations period, 17 U.S.C. § 507(b), they can only seek relief for Defendants' allegedly infringing acts that occurred on or after June 1, 2019. *See Nealy*, 60 F.4th at 1333 ("[T]he injury accrual rule . . . precludes a plaintiff's recovery for any harms that occur earlier than three years before the plaintiff files suit."); *Oppenheimer v. Palange*, No. 1:23-CV-20507, 2023 WL 11916703, at *3 (S.D. Fla. Dec. 24, 2023) (noting that "any claims based on acts of infringement that occurred before" the three-year limitations period "would be time-barred"). Accordingly, Defendants' motions to dismiss are granted as to the request to bar Plaintiffs from recovering for copyright infringement prior to June 1, 2019.

**D. Statutory Damages & Attorney's Fees**

Defendants argue that the Copyright Act does not permit Plaintiffs to recover statutory damages or attorney's fees in this case. (Doc. 86-1 at 9-16; Doc. 87-1 at 17.) Again, Plaintiffs do not address this argument in their response to Defendants' motions.

Section 412 of the Copyright Act instructs that

> no award of statutory damages or of attorney's fees . . . shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412(2). Put differently, a plaintiff cannot obtain statutory damages or attorney's fees for alleged copyright infringement that begins following publication of a work but before it was registered with the U.S. Copyright Office, unless the work was registered within three months of first publication. *See, e.g.*, *Dombrowsky v. Hill*, No. 1:11-cv-3048-MHS, 2013 WL 12100113, at *12 (N.D. Ga. July 23, 2013).

Furthermore, "a plaintiff is barred from pursuing statutory damages and attorney's fees when the alleged infringement begins after publication and occurs both before and after [copyright] registration." *Who Will Know, LLC v. Marche, Inc.*, No. 1:19-CV-04422-SDG, 2020 WL 13894713, at *2 (N.D. Ga. Sept. 1, 2020). While "the Eleventh Circuit has not yet spoken to the precise

issue," several courts of appeal have concluded that "the first act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412." *Philips Med. Sys. Nederland B.V. v. TEC Holdings, Inc.*, No. 1:17-CV-02864-LMM, 2018 WL 2009430, at *10 (N.D. Ga. Mar. 14, 2018) (quoting *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 700 (9th Cir. 2008)); *see Bouchat v. Bon-Ton Dep't Stores, Inc.*, 506 F.3d 315, 330 (4th Cir. 2007); *Troll Co. v. Uneeda Dolla Co.*, 483 F.3d 150, 158 (2d Cir. 2007); *Johnson v. Jones*, 149 F.3d 494, 506 (6th Cir. 1998). Most courts have read Section 412's use of the word "commenced" to presuppose "as a subject some kind of activity that begins at one time and continues or reoccurs thereafter." *Philips Med.*, 2018 WL 2009430, at *10 (quoting *Derek Andrew,* 528 F.3d at 700). Thus, where the first infringement of a work occurs prior to registration (unless the three-month safe harbor applies), a plaintiff cannot seek statutory damages or attorney's fees for successive infringements of the same kind, even if those infringements occurred post-registration. *See, e.g.*, *Volk v. Zeanah*, No. 6:08-CV-94, 2010 WL 11537582, at *9 (S.D. Ga. Sept. 27, 2010) ("[S]ection 412 not only bars statutory damages for infringement that occurred before a work's registration, it also precludes statutory damages for ongoing, post-registration infringement."); *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading, Inc.*, No. 04 Civ. 6198, 2008 WL

3906889, at *15 (S.D.N.Y. 2008) ("[A]s long as infringement commenced before the date of registration, statutory damages and attorney's fees are barred even if infringement continued after the date of registration.").

In this case, Plaintiffs' complaint and copyright registration information indicate that Perry's first track, "Built for This," was published on April 1, 2012, and his second track, "Greatness," was published on November 1, 2012. (Doc. 85 ¶¶ 11, 16; Doc. 86-2.)[7] On March 5, 2021, almost a decade following first publication, Plaintiffs registered the two tracks with the U.S. Copyright Office. (*Id.* ¶¶ 11, 16.) Plaintiffs allege that Defendants infringed their

---

[7] While Plaintiffs did not attach the relevant certificates of copyright registration to the second amended complaint, Defendants have submitted entries from the U.S. Copyright Office's Copyright Public Records System detailing Plaintiffs' copyright registrations. (Doc. 86-2.) The Court takes judicial notice of the copyright registration entries, which correspond with the registration numbers pled in the second amended complaint and are a matter of public record. Indeed, "[a] district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment" and "[p]ublic records are among the permissible facts that a district court may consider." *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006); *see, e.g.*, *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) ("The district court was entitled to take judicial notice of Microsoft's federal copyright registrations, as published in the Copyright Office's registry."); *Lott-Johnson v. Studio 620*, No. 1:11-CV-2205-WSD, 2011 WL 3468372, at *2 (N.D. Ga. Aug. 8, 2011) (taking "judicial notice of the copyright registration information viewable through the United State[s] Copyright Office's online Public Catalog."). Moreover, Plaintiffs have not objected to the accuracy of the copyright registration information provided by Defendants.

copyrights by commercially releasing several infringing albums beginning on August 27, 2012, (Doc. 85 ¶ 20), with the most recent album release occurring on February 11, 2022, (*id.* ¶ 28). In other words, Plaintiffs allege that Defendants' infringement of their recordings "commenced" pre-registration and continued post-registration.

Notwithstanding Plaintiffs' belated copyright registration, because the alleged infringement commenced years prior to registration, Plaintiffs cannot recover statutory damages or attorney's fees for successive infringement of the same kind. *See Who Will Know*, 2020 WL 13894713, at *2; *Philips Med.*, 2018 WL 2009430, at *10. Moreover, as set forth in Plaintiffs' second amended complaint, Defendants' infringing acts form an unbroken chain of essentially identical conduct—namely, the release and re-release of hip-hop albums containing the two infringing songs. (Doc. 85 ¶¶ 20-30.) Accordingly, Plaintiffs are precluded from pursuing statutory damages or attorney's fees for all the copyright infringement they have alleged. The Court therefore grants Defendants' motion to dismiss with respect to statutory damages and attorney's fees.

## IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants Think It's A Game Records, Inc., Warner Records, Inc., and Warner Music Group Corp.'s partial motion to dismiss (Doc. 86), and **GRANTS IN PART** and **DENIES IN PART** Defendant Empire Distribution, Inc.'s motion to dismiss (Doc. 87).

Plaintiffs' claim against Defendant Warner Music Group Corp. is **DISMISSED WITHOUT PREJUDICE**.  Defendant Warner Music Group Corp. is **DISMISSED FROM THE CASE**.  Plaintiffs are **BARRED** from recovering for copyright infringement that occurred prior to June 1, 2019.  In addition, Plaintiffs' requests for statutory damages and attorney's fees pursuant to the Copyright Act, 17 U.S.C. §§ 504-505, are **DISMISSED**.

The parties remaining in this case are **DIRECTED** to file an amended joint preliminary report and discovery plan within 14 days of the entry of this order.

**SO ORDERED**, this 18th day of February, 2025.

_____
SARAH E. GERAGHTY
United States District Judge

# Docket No. 60

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 4:23-cv-10080-JEM**

MAUREEN HARRINGTON,
as personal representative for the
Estate of BLAINE HARRINGTON III,

      Plaintiff,

v.

Island Villa Rental Properties Inc.,

      Defendant.

---

### DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR RECONSIDERATION [ECF 58]

Defendant, Island Villa Rental Properties Inc., pursuant to Local Rule 7.1(c), replies to plaintiff Maureen Harrington's memorandum in opposition [ECF 59] to Island Villa's motion for reconsideration.

### SUMMARY OF THE REPLY

Plaintiff Harrington is wrong to suggest that Perry v. Think It's A Game Records, Inc., no. 22-cv-2181, slip op. (N.D. Ga. Feb. 19, 2025) is the "sole" basis for reconsidering the Court's order denying interrogatories certification of its order denying Island Villa's motion for judgment on the pleadings. Pl.'s Opp'n [ECF 59 at 2].[1] As Island Villa has additionally urged, it believes the Court erred with respect to its conclusion even prior to Perry, and for the further reason that the Court did not apply the correct legal framework of 28 U.S.C. § 1292(b) by exceeding the scope of its one-half of the discretion provided

---

[1] Perhaps ironically, *that* is a demonstrable misrepresentation of Island Villa's motion.

for by the statute. Def.'s Mot. for Recons. [ECF 58 at 3-6, 7-8]. Harrington never addressed either of those separate bases for reconsideration.

Island Villa reiterates that **(I)** <u>Perry</u> is itself a basis to reconsider the Court's order denying certification. **(II)** Harrington also never confronts the district court split in her opposition because she could not in good faith make such an argument. Island Villa's request for the Court to reevaluate its denial of certification is well justified, and, contrary to Harrington's assertion, **(III)** the request has not delayed the proceedings.

## I.     *<u>Perry</u> justifies reconsideration as further evidence of a district court split on infringement claim accrual*

Harrington understandably dislikes that Judge Geraghty in <u>Perry</u> dismissed a plaintiff's copyright infringement claims based on the injury rule. The more judges who apply that rule limits the potential for stale claims, like Harrington's, to be asserted, reduces the burden on defendants to secure exculpatory evidence from long ago, and decreases the drain on judicial resources. She is wrong to accuse Island Villa of misrepresenting <u>Perry</u>,[2] and wrong to discredit Judge Geraghty's judgment.

There is no denying that she applied the injury rule. There is no denying that rule led the court to dismiss an ordinary copyright infringement action. There is no denying that, like here, Judge Geraghty's decision was "based on the facts alleged by Plaintiffs." Her duty was, just as it is this Court's duty, "to say what the law is" irrespective of what a party advocates. <u>Cf.</u> <u>Carlile v. South Routt Sch. Dist.</u>, 739 F.2d 1496, 1500 (10th Cir.

---

[2] Harrington seems to take issue with Judge Geraghty's style more than her decision. That she capitalized the "p" in "Plaintiff" and chose to connect two independent statements by way of a comma rather than a period takes nothing away from what she *decided*: that the plaintiff's claim was time-barred as a result of the injury rule. She could have easily written that portion of her order as two standalone statements without changing her ruling.

1984) (a party cannot "assume that the court will follow blindly an incorrect interpretation of the law, especially" where that area is "unsettled"); Mazer v. Lipschutz, 327 F.2d 42, 57 (3d Cir. 1963) ("Counsel can stipulate fact, but ordinarily cannot stipulate or concede law."); Marbury v. Madison, 5 U.S. 137, 177 (1803) ("It is emphatically the province and duty of the judicial department to say what the law is."). Judges Geraghty and Gayles did not blindly accept one side's argument for what the law ought to be any more than this Court blindly accepted Harrington's. Harrington ought to give those judges as much credit for their decisions as she gives this Court for its decision.

Again, because the question still remains open in the Eleventh Circuit, Judge Geraghty could have applied the discovery rule if she so chose. She could have rejected the defendant's arguments and applied the discovery rule. But she didn't. Harrington wrongly suggests that Judge Geraghty had no choice except to agree with the defendant's arguments, or that she did so only because the plaintiff did not formally oppose the motion by a written memorandum. Her decision was within her judgment, not a mandatory enactment of the defendant's proffered rule of law by default.

It is also rather disingenuous for Harrington to argue that Perry is not authoritative for what it decided inasmuch as Harrington herself routinely relies on default judgments in her initial settlement demands.[3] Such judgments are likewise within the court's independent authority, not mandatorily-entered based on what Harrington requests. E.g., Report and Recommendation, Harrington v. Kaushan Media Corp., no. 23-cv-3213

---

[3] In her letter to Island Villa, she cited three, without indicating they were default judgments: Reiffer v. World Views LLC, no. 6:20-cv-786, 2021 U.S. Dist. LEXIS 38860 (M.D. Fla. Mar. 1, 2021); Corson v. Gregory Charles Interiors, LLC, no. 9:19-cv-81445, 2020 U.S. Dist. LEXIS 142932 (S.D. Fla. Aug. 7, 2020); and CCA & B, LLC v. Toy, no. 1:19-CV-01851, 2020 U.S. Dist. LEXIS 248303 (N.D. Ga. Dec. 14, 2020).

(S.D.N.Y. Nov. 21, 2023) ("consideration of the relevant factors supports an award of statutory damages below the $22,500 sought by Plaintiff"); Order Granting Pl.'s Mot. for Default J., <u>Harrington v. Latin Travel Direct, LLC</u>, no. 19-cv-20860 (S.D. Fla. Jul. 26, 2019) (rejecting Harrington's request for $75,000 and entering judgment for $15,000, "three times actual damages").

Harrington's ethical aspersions are mere red herring, the response to which Island Villa relegates to a footnote.[4] It hardly warrants the ink to address such distractions when Harrington simply cannot refute the district court divide on which rule of accrual applies to ordinary infringement claims.

## II.   <u>Harrington never confronts the district court split, because she cannot do so in good faith; it is unmistakably present</u>

What is perhaps most glaring about Harrington's opposition is that she never once attempts to argue why the Court's analysis respecting the second element of § 1292(b) was correct. That's because she cannot do so in good faith. There is no doubting a district court split exists on whether § 507(b) of the Copyright Act includes an unwritten discovery rule. Instead, Harrington continues to sycophantically assert that the Court's denial of Island Villa's Rule 12(c) motion was correct. She is free to do that, but that is not what is

---

[4] In his vast 51-page order recounting multiple different issues, Judge Seltzer sanctioned the attorney for withholding evidence, among other improprieties. But he did not sanction the lawyer because of an alleged "selective quotation" from an opinion, Opp. at 3, but rather because the lawyer "had failed to tender" evidence that his adversary "had requested [] in discovery" and he made a "misleading statement" which he "knew to be false" respecting that evidence. <u>Santini v. Cleveland Clinic Fla.</u>, no. 98-cv-6559, 1999 U.S. Dist. LEXIS 23667 (S.D. Fla. Sep. 2, 1999). In <u>Bautista</u>, the court imposed sanctions not for the lawyer's quotation from a case, but rather because, as Harrington correctly states, "counsel did not cite **controlling** law." <u>Bautista v. Star Cruises</u>, 696 F. Supp. 2d 1274, 1279 (S.D. Fla. 2010) (emphasis supplied). Here, there is no controlling law on the issue, which has divided the district courts in the Eleventh Circuit as a result—*precisely* why the Court should reconsider its order denying certification.

presently before the Court; the later denial of certification is.

### III.    The proceedings are not being delayed by Island Villa's request for reconsideration

Finally, Harrington complains that the present motion for reconsideration is simply "rehash[ing]" Island Villa's Rule 12(c) "arguments and further delay[ing] these proceedings." Pl.'s Opp'n at 4, ¶ 9. Island Villa is at a loss to understand Harrington's reasoning here, which appears non-existent. She chastises Island Villa for it pointing out what it perceives as errors in the Court's § 1292(b) order and new evidence undermining the Court's decision. While Island Villa has requested a stay from the Eleventh Circuit in its mandamus action, there is presently no stay. Absent an order of this Court or the Eleventh Circuit staying these proceedings, they will continue according to the Court's amended scheduling order.

## CONCLUSION

The Court should reconsider and vacate its order [ECF 56] denying certification under § 1292(b), recognize that there is a substantial ground for difference of opinion as a result of the district court split, among other reasons, and certify its prior order denying Island Villa's motion for judgment on the pleadings.

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*